**UNITED STATES of America**

v.

**Joseph E. DEMES, Appellant.**

**No. 91–3090.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 23, 1991.

Decided Aug. 1, 1991.

---

Thomas W. Corbett, Jr., U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Stanton D. Levenson, Pittsburgh, Pa., for appellant.

Before SLOVITER, Chief Judge, GREENBERG, Circuit Judge, and McCLURE, District Judge.*

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Joseph E. Demes appeals from the judgment of sentence and conviction in this cocaine case, confining his appeal to sentencing issues. On October 9, 1989, Demes was arrested at his residence by Westmoreland County Detective Roger Eckels who, working undercover, went there for the ostensible purpose of purchasing cocaine. In a search at the time of the arrest numerous firearms were recovered. The arrest led to prompt plea negotiations resulting in an agreement set forth in a letter of October 18, 1989, from the United States Attorney to Demes's attorney. In general, the agreement provided that Demes would plead guilty to two counts of possession of cocaine with intent to distribute and distributing less than 50 grams of cocaine and would cooperate with the government in its investigation of narcotics offenses. The government, in turn, would recommend a two-level reduction in the sentencing level for acceptance of responsibility.[1] Demes signed an acceptance of the agreement on November 1, 1989, and he, in fact, cooperated with the investigation and was debriefed by government agents.

On August 7, 1990, a three-count indictment was returned against Demes charg-

---

* Honorable James F. McClure, Jr., United States District Judge for the Middle District of Pennsylvania, sitting by designation.

1. There were numerous other provisions which we need not describe.

ing him with possession of cocaine with intent to distribute and distribution of cocaine on October 6, 1991, and October 9, 1991. 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C). Notwithstanding the plea agreement Demes pleaded not guilty to the indictment and went to trial, raising entrapment as a defense. He was convicted on all three counts on December 5, 1990, and, on February 8, 1991, was sentenced to 33–month concurrent terms on the three counts to be followed by a five-year period of supervised release.

In determining the total offense level the court started from a base level of 18, a figure not in dispute. There was, however, 2-level increase because Demes possessed dangerous weapons during the offenses. Guidelines § 2D1.1(b)(1). Thus, as the court did not grant the two-level reduction for acceptance of responsibility, and there were no other adjustments, the total offense level was 20 which, as Demes had no criminal history points, yielded a sentencing range of 33 to 41 months. Demes was sentenced at the low end of the range.

In addition, the court fined Demes $58,-513.08 to be paid as follows: $6,000 immediately, with installments of $1,415.56 to follow on the first day of each month during the period of incarceration, in turn to be followed by installments of $96.66 on the first day of each month during the period of supervised release. This appeal followed and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

■ Demes contends that the district court erred in refusing to grant him a downward adjustment for acceptance of responsibility and in imposing the 2-level increase based on his possession of firearms during the commission of the offenses. Finally, he urges that the court erred in failing to consider his ability to pay the fine. We review the offense level calculations to ascertain whether the findings of the district court underlying them can be said to be clearly erroneous, *United States v. Ortiz*, 878 F.2d 125, 126 (3d Cir.1989), but will exercise plenary review of the issue relating to the fine.

■ Demes's contention that he was entitled to the 2-level reduction provided in guidelines § 3E1.1 for acceptance of responsibility is predicated on the circumstance that he was fully debriefed and explained how he obtained the cocaine. He understandably points to application note 1(c) to guidelines § 3E1.1 which provides that in determining whether a defendant qualifies for the adjustment for acceptance of responsibility appropriate consideration may be given to a "voluntary and truthful admission to authorities of involvement in the offense and related conduct." He points out that he is not automatically precluded from obtaining the reduction simply because he was convicted at trial, observing that in *United States v. Fleener*, 900 F.2d 914, 917–18 (6th Cir.1990), the court held that assertion of an entrapment defense was not necessarily inconsistent with the acceptance of responsibility.

It is difficult to reconcile Demes's claim of entrapment with his contention that he accepted responsibility. As the district court noted, entrapment involves the related elements of government inducement to commit the crime and the defendant's lack of predisposition to engage in the criminal conduct. *See Mathews v. United States*, 485 U.S. 58, 62–63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988); *United States v. Inigo*, 925 F.2d 641, 657 (3d Cir.1991). Ordinarily a claim of entrapment at trial seems to be the antithesis of the acceptance of responsibility. The defendant, rather than accepting "personal responsibility for his criminal conduct" (see guidelines § 3E1.1(a)) urges that the party responsible for the offense was actually the government. While it is conceivable to hypothesize a case in which a plea of entrapment would not be inconsistent with the acceptance of responsibility, here we cannot hold that the court erred in not allowing the reduction because the claim of entrapment was made by a person who in no circumstances could have had a justification for possession of the cocaine. Indeed, this case seems to have been a routine drug matter in which Demes was a willing seller. Accordingly, we conclude that the finding that Demes did not accept responsibility cannot possibly be said to

have been clearly erroneous. *See United States v. Riviere*, 924 F.2d 1289, 1309 (3d Cir.1991); *United States v. Singh*, 923 F.2d 1039, 1043 (3d Cir.1991).[2]

 We see no merit to Demes's contention that the 2-level increase because "a dangerous weapon (including a firearm) was possessed during commission of the offense," as provided in guidelines § 2D1.1(b)(1), was inappropriate. As set forth in the presentence report, the search of Demes's house at the time of his arrest uncovered "a Browning .32 caliber automatic weapon, a 20–gauge shotgun, a 12–gauge pump action shotgun, a Ruger mini 14 weapon, a .22 caliber rifle, a M–16, ... a Colt 9–mm weapon, an H & K pistol, and a BB gun." In addition, ammunition was found. While the weapons were not used in the offenses they were clearly present and, as set forth in application note 3 to guidelines § 2D1.1 "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Here the district court determined that the size and composition of Demes's "arsenal" created a strong inference that he possessed these weapons in order to further the drug transaction. Even if we were exercising plenary review of this finding we would agree with it and thus we cannot conclude that it was clearly erroneous. *See United States v. Villarreal*, 920 F.2d 1218, 1222 (5th Cir.1991).

 Demes finally contends that the district court erred in imposing the fine as "it failed to consider [his] ability to pay a fine." We find merit in this contention on the basis of the record in this case. Guidelines § 5E1.2(a) provides that the court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Guidelines § 5E1.2(d) provides, however, that in determining the amount of the fine the court shall consider various factors including "any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." The court indicated in its judgment that the fine of $58,513.08 represented "a $6,000 fine, plus an additional fine of $46,713.48 to pay the costs to the Government of the imprisonment ordered, plus an additional fine of $5,799.60 to pay the costs to the Government of the Supervised Release ordered." In imposing this fine the court most properly indicated that "[d]rugs are a great problem in our society," "[p]ersons such as yourself who distribute drugs and further the degradation of our society deserve to be strongly punished," and the sentence, including the fine, will "further the goals of sentencing in regard to your offenses."

The court, however, made no finding as to Demes's ability to pay the fine and thus we cannot conclude that it considered this issue. This is understandable as we have not previously addressed this point. Nevertheless, in the circumstances of this case, we are constrained to vacate the sentence and remand the matter for resentencing on the fine. *See United States v. Walker*, 900 F.2d 1201, 1205–07 (8th Cir. 1990); *United States v. Seminole*, 882 F.2d 441, 443 (9th Cir.1989). Of course, we are not implying by our disposition that on remand the court may not reimpose the same fine.

 Inexplicably Demes contends that we review the court's action in imposing the fine on a clearly erroneous standard.[3] But we do not agree for we are not reviewing findings of fact leading to the imposition of the fine. To the contrary the prob-

---

**2.** *United States v. Fleener,* 900 F.2d at 917–18, on which Demes relies, is clearly distinguishable on the facts but has limited utility to us for a more fundamental reason. There the district court allowed the 2-level reduction for acceptance of responsibility whereas here the district court denied it. Inasmuch as we are using the clearly erroneous standard of review, as did the

court in *Fleener,* even if the historical facts here were identical to those in *Fleener,* seemingly inconsistent results could be reconciled as different finders of the fact can reasonably draw opposite conclusions from the same historical record.

**3.** Not so inexplicably the government agrees.

lem is that we cannot ascertain whether the question of Demes's ability to pay the fine was considered by the district court and there are no findings to review. Accordingly, we are obliged to remand because it is not clear from the record that the defendant had the ability to pay, and the district court failed to make an explicit finding in that respect.

 The government points out that according to the presentence report Demes has $60,000 worth of equity in real property and, citing *United States v. Preston*, 910 F.2d 81 (3d Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991), he can be required to sell the property. It further asserts that "neither party objected to the facts stated in the presentence report" and, accordingly, "there were no factual disputes for the court to resolve." We recognize that a court's omission of a conclusion as to a defendant's ability to pay a fine might be harmless if it is clear that the defendant did have the ability to pay the fine imposed. But this is not such a case because the presentence report concluded that "it does not appear as if [Demes] has the financial ability to pay a fine." Furthermore, the mortgage on the real property with the equity to which the government points is in arrears and is being foreclosed. In the circumstances the record does not so clearly establish that Demes has the ability to pay the fine that we can overlook the absence of findings on the point. We also observe that in *Preston* the district court made a finding that the defendant had the ability to pay the fine. *Id.* at 89.

The sentence in the judgment of conviction and sentence of February 8, 1991, will be vacated and the matter will be remanded to the district court for resentencing.