UNITED STATES of America,

v.

**Joseph L. SANDERS, III Appellant.**

No. 02–2278.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 23, 2003.

Decided Feb. 7, 2003.

Before NYGAARD, AMBRO, and LOURIE,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Joseph Sanders, pleaded guilty to distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On appeal, he raises the issues listed below, taken verbatim from his brief. Because we find no merit in either of them, we will affirm.

* Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

## I. ISSUES

1. Whether the District Court erred in failing to enforce the cooperation agreement plea agreement between appellant and the government, where appellant had provided substantial assistance to the government and the government failed to move for a § 5K1.1 downward departure.

2. Whether the District Court erred in assessing an enhancement to the sentencing Guideline calculation for the possession of a dangerous weapon in drug activity pursuant to § 2D1.1(b)(1).

## II. DISCUSSION

■ As to the first issue, the appellant did not argue before the District Court that the government had acted in bad faith when it declined to file a motion for a sentencing departure under U.S.S.G. § 5K1.1. Because it was not raised in the District Court, we will review only for plain error. *United States v. Olano*, 507 U.S. 725, 730, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Moreover, because it is entirely within the government's discretion whether to file such a motion, we are empowered only to review their decision for bad faith. *United States v. Holman*, 168 F.3d 655, 661 (3d Cir.1999). We conclude that there is absolutely no evidence in this record that the government acted in bad faith in not filing the motion for a departure based upon the appellant's cooperation. The plea agreement required Sanders to provide the government with all information possessed by him relating to *any* criminal activity. Here, the appellant concedes he declined to provide significant information. Thus, the government was justified in not filing the motion and did not act in bad faith.

■ On the second issue, we likewise conclude that the District Court did not err by increasing appellant's offense level for possession of firearms, pursuant to U.S.S.G. § 2D1.1(b)(1). We review for clear error the District Court's determination that a weapon was possessed during the same course of conduct as the offense of conviction. *United States v. Demes*, 941 F.2d 220, 223 (3d Cir.1991). There is evidence that the appellant knew that one of his co-conspirators was carrying a pistol during their joint drug trafficking activities. Moreover, appellant had firearms at his residence and in close proximity to other drug trafficking paraphernalia. These are sufficient acts to come within the "same course of conduct" as the offensive conviction. Hence, they were properly considered by Judge Munley as relevant conduct and his decision to raise Sanders' offense level by two is both rationally and factually supported. We will affirm.