

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Jacobs" (2004). *2004 Decisions.* Paper 862.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/862

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-3241

———————

UNITED STATES OF AMERICA

v.

QUADRE JACOBS
a/k/a
Quadree Jackson

Quadre Jacobs,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-CR-313-09)
District Court Judge: Honorable J. Curtis Joyner

———————

Argued March 29, 2004

Before: ALITO, FISHER, and ALDISERT, <u>Circuit Judges.</u>

(Opinion Filed:  April 7, 2004)

WILLIAM T. CANNON(Argued)
Law Offices of William T.
Cannon

100 South Broad Street
1910 Land Title Building
Philadelphia, PA 19110

*Counsel for Appellant*

KATHY A. STARK (Argued)
Suite 1250
Office of the United States
Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

This is a direct appeal in a criminal case. We find Jacobs's claims to be without merit and affirm the District Court's judgment and sentence.

First, even though the jury acquitted Jacobs of the conspiracy count, the District Court properly increased his sentence based on his significant involvement in the distribution of approximately 11 kilos of crack cocaine. See United States v. Miele, 989 F.2d 659, 663 (3d Cir. 1993). While we agree with the District Court that the proper standard for the District Court to use was "preponderance of the evidence" and not "clear and convincing evidence," compare Miele, 989 F.2d 659, 663 fn. 3 with United States v. Kikumura, 918 F.2d 1084, 1110-1111 (3d Cir. 1990), we find that, under either standard,

the District Court properly increased Jacobs's sentence. The Government provided ample evidence, including surveillance, cooperating witnesses, and physical evidence, that convincingly showed the Jacobs acted in cahoots with his brothers, Mark and Rasheed, to distribute over 11 kilos of crack cocaine. Not only did Jacobs help to sell crack to a government witness, but other witnesses testified that Jacobs was often seen dealing drugs on the corner with his brothers. Furthermore, other members of the conspiracy testified that the brothers worked as team. With such evidence in the record, we cannot find that the District Court was clearly erroneous in its sentencing. See Mazzocchi Bus Co., Inc. v. C.I.R., 14 F.3d 923, 934 fn. 19 (3d Cir. 1994). Thus, any error by the District Court in applying the proper standard was harmless.

Second, the District Court did not err in refusing to overturn Jacobs's firearms convictions. Viewed in "the light most favorable to the government," there was sufficient evidence to prove guilt beyond a reasonable doubt. See United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992). The jury could have believed that the firearm was in plain sight near the door of the house. The house was used to "cook" and store substantial quantities of crack. The jury could have believed that the firearm was kept near the door so that any of the drug dealers residing there could readily obtain and use it against rivals in the drug trade, law enforcement, or others. Thus, despite Jacobs's claim that the firearm was in the sole possession of his brother, Mark, a rational trier of fact could have found that Quadre Jacobs, as well as his brother, had constructive possession of the firearm. See

United States v. Demes, 941 F.2d 220, 223 (3d Cir. 1991)(proximity of guns and drugs gives strong inference that the gun was used to further the drug crime); United States v. Garth, 188 F.3d 99, 111-112 (3d Cir. 1999)(defining constructive possession.)

For the above reasons, we affirm.