

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# USA v. Brito

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brito" (2007). *2007 Decisions.* Paper 578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-4445 & 05-4862

_____

UNITED STATES OF AMERICA,

Appellant in 05-4862

v.

JOSE BRITO,

Appellant in 05-4445
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 00-CR-00635)

Honorable Ronald L. Buckwalter, District Judge


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2007
_____

Before:  FUENTES, GREENBERG, and LOURIE,* Circuit Judges.

(Filed: August 17, 2007)
_____

OPINION OF THE COURT

---

*The Honorable Alan D. Lourie, United States Circuit Judge for the Federal
Circuit, sitting by designation.

_____

LOURIE, <u>Circuit Judge</u>.

Jose Brito pled guilty to three counts of possession of cocaine with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1); four counts of possession of heroin with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1); and three counts of possession of cocaine base ("crack cocaine") with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1). Based on these convictions, the district court sentenced Brito to a total custodial term of 140 months, to be followed by five years of supervised release, and a $1000.00 special assessment. Brito appeals his sentence, asserting that the district court erred in imposing a two-level sentencing enhancement for possession of a dangerous weapon during a violation of the Controlled Substances Act pursuant to U.S.S.G. § 2D1.1(b)(1). In addition, Brito asserts that the crack cocaine sentencing disparity in 21 U.S.C. § 841 violates his fundamental right of liberty. The government cross-appeals Brito's sentence, asserting that the district court improperly categorically rejected the § 841 crack versus powder cocaine ratio and substituted its own ratio for that legislated by Congress. For the reasons we set forth below, we will vacate Brito's sentence and remand the case to the district court for resentencing.

In the summer of 2000, a cooperating witness operating under the supervision of the Drug Enforcement Administration (DEA) made several controlled purchases of illegal narcotics from Brito. DEA surveillance agents saw Brito enter an apartment at 538 Walnut Street, Reading, Pennsylvania ("the apartment") during or before the transactions. Brito was

apprehended in the midst of a final transaction as he exited the apartment. When he was arrested, Brito was carrying 55.1 grams of crack cocaine, 0.55 grams of heroin, and 55.9 grams of cocaine powder. Following Brito's arrest, the apartment was searched pursuant to a warrant, resulting in the recovery of, among other things, 479.1 grams of crack cocaine, 93.6 grams of heroin, 283.2 grams of cocaine powder, an unloaded Lorcin .380 caliber semi-automatic pistol, and .380 and .38 caliber ammunition. The pistol was inside a couch in the living room next to numerous bags of heroin packaged in the same way as those purchased from Brito during the supervised transactions. Brito was never observed to be in actual possession of the pistol, nor did he refer to it in any conversations with the cooperating witness.

On December 19, 2001, Brito entered a guilty plea to twelve counts of the indictment, including the ten counts listed above and two counts relating to possession of a firearm. On March 12, 2002, the district court permitted Brito to withdraw his pleas as to the two counts relating to possession of a firearm, and the government dismissed those counts. At the initial sentencing hearing on October 24, 2003, the court imposed a two-level upward adjustment for possessing a dangerous weapon under United States Sentencing Guidelines § 2D1.1(b)(1), despite Brito's objection. The court sentenced Brito to 235 months imprisonment, which was at the bottom of the Sentencing Guidelines range.

Following an appeal, this Court remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). The district court began a resentencing hearing on June 28, 2005, and asked the parties for additional briefing on the crack versus powder cocaine

sentencing disparity. After reconvening the hearing on September 27, 2005, the court determined that the Sentencing Guidelines range was 235 to 293 months of imprisonment based on Brito's calculated total offense level. Relying heavily on reports from the Sentencing Commission recommending an adjustment of the crack to powder cocaine sentencing ratio, the court found that an approximately two to one ratio was more appropriate and sentenced Brito to 140 months of imprisonment.

Brito argues that the two-level sentencing enhancement for firearm possession was not supported by the evidence. Because Brito was not in actual possession of the firearm, he argues that the government must prove that he had constructive possession of it. Brito further argues that while the government may have shown access to the weapon, it failed to prove any intent to exercise control over it. Brito also argues that the government failed to demonstrate any nexus between the weapon and the underlying criminal activity that it was alleged to further. The government responds that Brito overstates its burden. The government argues that temporal and spatial proximity between firearms and drugs makes their connection and a possessor's intent to use the firearms highly probable. The government adds that the factors to be weighed in making the enhancement determination favor a finding that the district court correctly applied the two-level upward adjustment.

The Sentencing Guidelines provide that a two-level increase in an offense level should be applied if "a dangerous weapon (including a firearm) was possessed" in connection with an offense involving drugs. U.S.S.G. § 2D1.1(b)(1). Note 3 of the commentary to § 2D1.1 states, "The enhancement for weapon possession reflects the increased danger of violence

4

when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is <u>clearly improbable</u> that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Note 3 (emphasis added). We review the conclusion that a defendant possessed a weapon in furtherance of his drug activity under the clearly erroneous standard. <u>United States v. Demes</u>, 941 F.2d 220, 222-23 (3d Cir. 1991).

We agree with the government that there was no clear error in the district court's conclusion to apply a two-level increase pursuant to the Guidelines. In <u>United States v. Drozdowski</u>, 313 F.3d 819 (3d Cir. 2002), this Court noted that courts have relied on a number of variables in making the "clearly improbable" determination, including: (1) the type of gun involved (handguns less improbable than hunting rifles); (2) whether the gun was loaded; (3) whether the gun was stored near the drugs or drug paraphernalia; and (4) whether the gun was accessible. Here, the firearm was an unloaded handgun stored next to some of the drugs in the apartment couch—a readily accessible location. Other drug paraphernalia, including a cooking pot with a latent fingerprint matching that of Brito and ammunition for the gun were also found in the apartment. Brito was seen entering and exiting the apartment and was in possession of a key to the apartment. Under the circumstances of this case, we cannot say that it was clearly improbable that Brito used the Lorcin .380 caliber semi-automatic pistol in connection with his drug trafficking activity.

Brito next argues that application of the two-level increase in his total offense level constituted a violation of his Sixth Amendment rights. The government responds that the findings of fact relevant to the advisory Sentencing Guidelines do not implicate the right to

5

a jury trial if they do not increase the statutory maximum sentence for the applicable offenses.

We agree with the government that Brito's Sixth Amendment rights were not violated by the district court's application of the two-level increase for possession of a firearm in furtherance of a drug crime. This Court recently addressed this issue en banc in United States v. Grier, 475 F.3d 556, 565 (3d Cir. 2007) (parallel citations omitted):

> Like the right to a jury trial, the right to proof beyond a reasonable doubt attaches only when the facts at issue have the effect of increasing the maximum punishment to which the defendant is exposed. Apprendi, 530 U.S. at 489-94. The advisory Guidelines do not have this effect. They require the district judge to make findings of fact, but none of these alters the judge's final sentencing authority. Booker, 543 U.S. at 233. They merely inform the judge's broad discretion. Id.

Including the two-level increase, Brito's total offense level under the guidelines was 38, leading to a maximum suggested sentence of 293 months (24 years, 5 months). Two of the counts to which Brito pled were subject to a statutory maximum sentence of lifetime imprisonment. Because the sentencing enhancement at issue did not increase Brito's statutory maximum sentence, there was no Sixth Amendment violation. We will thus affirm the district court's application of the two-level increase in Brito's total offense level.

Finally, Brito argues that the sentencing disparity between crack cocaine and powder cocaine in 21 U.S.C. § 841(b), as reflected in the Sentencing Guidelines, violates his fundamental right of liberty. Specifically, Brito alleges that because the sentencing disparity is not narrowly tailored to serve a compelling government interest, it violates his substantive due process rights. Brito quotes from law review articles and reports from the Sentencing

6

Commission, recommending to Congress that the sentencing disparity be greatly reduced or eliminated, to support his argument that there is no basis in fact for the highly differential treatment of cocaine in base form as compared to powder form. The government responds that it is Congress that defines the penalties for federal crimes, and the standard of review of a district court's application of a penalty is extremely deferential. The government continues that it is not the role of a court to substitute its judgment for that of Congress and that Congress did not act either arbitrarily or irrationally when it believed that crack cocaine presented a greater threat to the public than powder cocaine. The government concludes that it was also therefore inappropriate for the district court to categorically reject the sentencing guidelines based on the statute and substitute its own ratio in place of that legislated by Congress.

We agree with the government that the district court improperly substituted its own judgment concerning the correct ratio between crack and powder cocaine for that legislated by Congress. We review sentences for "reasonableness," which requires the district court to give "meaningful consideration to the § 3553(a) factors." United States v. Cooper, 437 F.3d 324, 327, 329 (3d Cir. 2006). Also, "the more that a sentence varies from the advisory Guidelines range, the more compelling the supporting reasons must be." United States v. Manzella, 475 F.3d 152, 161 (3d Cir. 2007). Of particular relevance to the question before us, in United States v. Ricks, 2007 U.S. App. Lexis 17258, *18 (3d Cir. July 20, 2007) (precedential), this Court stated "that a district court fails to 'meaningfully consider' the Guidelines when it rejects the 100-to-1 ratio as a matter of policy." Also in Ricks, this Court

7

clarified that a district court may "consider the crack/powder cocaine differential in the Guidelines as a factor when sentencing defendants," but "it must do so as applied to the particular defendant that appears before the court" and "give its reasons for why it views the ratio as too harsh when applied to the defendant." Id. at \*25, \*27 (internal quotation omitted). Because the district court appears to have adopted a categorical rule in its Statement of Reasons attached to the Judgment and, in any case, failed to specify reasons for varying from the Sentencing Guidelines in the particular case of Brito, we will vacate the sentence and remand for resentencing in accordance with this opinion and the additional guidance of Ricks.

In conclusion, we will affirm the district court's application of the two-level increase to Brito's offense level under the Sentencing Guidelines for possession of a firearm in furtherance of a drug crime. Because the district court did not follow the procedure for factoring in the crack versus powder cocaine sentencing disparity that this Court laid out in Ricks, we will vacate Brito's sentence and remand for further proceedings consistent with this opinion.