

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1715

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Smith" (2009). *2009 Decisions*. Paper 1684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1715
_____

UNITED STATES OF AMERICA,

v.

JOSEPH SMITH, JR.,
a/k/a
JOE SMITH,
a/k/a
JOE MONTGOMERY,
a/k/a,
JOSEPH E. SMITH

Joseph Smith, Jr.,

Appellant

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(07-cr-451-1)
District Judge:  Honorable Lawrence F. Stengel

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2009

Before: FUENTES, CHAGARES, and TASHIMA,[*] Circuit Judges

_____

[*] Honorable A. Wallace Tashima, Senior United States Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

(Filed : March 26, 2009 )

_____

OPINION OF THE COURT

_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Joseph Smith appeals from the District Court's judgment of sentence. We will affirm.

I.

Smith pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court determined that his United States Sentencing Guidelines advisory range was 46 to 57 months of imprisonment, coupled with a $5,000 to $50,000 fine.

The District Court sentenced Smith to 57 months of imprisonment and three years of supervised release, and it fined him $15,000. Smith then filed this appeal, contesting his prison term on the ground that the District Court ignored relevant sentencing law and his fine on the ground that the District Court unreasonably determined his ability to pay.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 3231, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

This Court reviews the District Court's sentence for reasonableness, evaluating both its procedural and substantive underpinnings using a deferential abuse of discretion

2

standard. Gall v. United States, 128 S. Ct. 586, 594 (2007). The District Court's interpretation of sentencing law, however, is reviewed de novo. United States v. Langford, 516 F.3d 205, 208 (3d Cir. 2008). This Court reviews the District Court's factual findings concerning whether the defendant was able to pay a fine, and its ultimate determination of that fine, for clear error. United States v. Seale, 20 F.3d 1279, 1284 (3d Cir. 1994).

### III.

### A.

We first address Smith's challenge to his within-Guidelines prison term.

Federal sentencing law "contains an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." Kimbrough v. United States, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted). This provision, sometimes called the "parsimony provision," states:

> The court shall impose a sentence sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(2)(A)-(D).

Smith argues that the District Court ignored the parsimony provision in imposing a 57-month prison term, which is at the high end of the advisory range. He points to one

statement made by the court during sentencing:

> I might note that in the defendant's sentencing memorandum, [defense counsel] advocates very strongly and very eloquently for his client. But the parsimony provision is — in section 3553(a) is not an invitation to impose the minimally sufficient sentence . . . . I understand the parsimony provision. I certainly take it into account, but I don't think that's a mandate to impose in every case, and certainly not in this case, the minimally sufficient sentence.

Smith Br. at 10 (quoting Appendix (App.) 118-19). He contends that this statement amounts to an admission that the District Court did not impose the lightest sentence that sufficiently serves the purposes identified in § 3553(a)(2). We disagree.

Put in its proper context, this snippet from the sentencing hearing merely states the unremarkable proposition that the parsimony provision did not require the District Court to impose the lightest sentence that would suffice to survive appellate review — not that the parsimony provision did not require it to impose the lightest sentence that would suffice to serve § 3553(a)(2)'s enumerated goals. The defendant, in his memorandum advocating for a below-Guidelines sentence, emphasized that the District Court should feel free to be lenient because its ruling likely would not be disturbed on appeal. See, e.g., App. 17 ("Importantly, '[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the sentence.'" (quoting Gall, 128 S. Ct. at 597)); id. ("Because '[d]istrict courts have an institutional advantage' over the [Sentencing] Commission and the appellate courts in evaluating individual sentences, their sentences will rarely be disturbed on review." (quoting Gall, 128 S. Ct. at 598)); id. ("The Supreme Court has also made clear that a

4

sentence outside the recommended Guidelines range is not 'suspect' or particularly susceptible to being reversed on appeal as long as it is 'adequately explain[ed] . . . to allow for meaningful appellate review and to promote the perception of fair sentencing.'") (quoting Gall, 128 S. Ct. at 597); id. at 18 ("This Court is therefore free to impose the sentence it deems appropriate — even if substantially below the Guidelines range — without concern that its reasoning will be vulnerable on appeal.").

The excerpt Smith claims reveals a misunderstanding of relevant sentencing law simply acknowledges and responds to these arguments. The District Court made clear that it declined Smith's repeated invitations to take its appellate prospects — rather than just the law and the facts, and nothing more — into account in imposing sentence. Its failure to state precisely that it was commenting on Smith's argument about appellate review sufficiency (rather than making a pronouncement about § 3553(a)(2) sufficiency) does not make the sentence it imposed unreasonable. Cf. United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) ("[W]e are mindful that sentencing judges, who normally state and resolve sentencing issues from the bench, make remarks that are unlikely to be a perfect or complete statement of all the surrounding law.").

That the District Court perfectly understood the parsimony provision is confirmed by statements it made that Smith did not excerpt in his brief. For example, the District Court correctly stated:

> The Third Circuit has said that district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence

5

necessary to achieve the purposes set forth in section 3553(a)(2).  The Third Circuit goes on to say, and this is in United States vs. Dragon, "We do not think that the not greater than necessary language requires as a general matter that a judge having explained why a sentence has been chosen also explain why some lighter sentence isn't adequate."

App. 118-19.  In sum, the sentencing transcript, read in its entirety, shows that the District Court correctly applied the parsimony provision and other relevant sentencing law.

B.

We next turn our attention to Smith's challenge to his within-Guidelines fine.

The Sentencing Guidelines provide that "the court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." § 5E1.2(a).  The defendant has the burden of proving inability to pay.  United States v. Torres, 209 F.3d 308, 312-13 (3d Cir. 2000).  The court must make an adequate record of its findings regarding the defendant's present and future ability to pay.  United States v. Demes, 941 F.2d 220, 223-24 (3d Cir. 1991).

Smith argues that the District Court's factual findings prove that he was not able to pay the $15,000 fine imposed.  We disagree.

The District Court prescribed an installment plan for repayment after release from prison.  Namely, the District Court ordered: "In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $250.00 . . . ."  App. 8 (judgment and commitment order).  The pre-sentence investigation report (PSR) indicates that, up until the time he was

6

arrested, he held jobs paying no less than $200 per week and as much as $500 per week. PSR ¶¶ 61 ($200-per-week painting job; $300-per-week moving job), 63 ($500-per-week disc-jockey job).[1]  Assuming Smith can obtain similar employment after incarceration, this yields a yearly salary of $10,400 to $26,000.  His outstanding debts totaled $3,224. PSR ¶¶ 65-66.  He resided with his parents and had no regular expenses.  PSR ¶ 66.

Smith must pay his fine by the time his supervised release term expires.  See App. 6 (including fine payment schedule as term of supervised release).  His release term is three years.  As of that time, Smith will likely have made $31,200 to $78,000, plus whatever he was able to earn in prison through the Bureau of Prisons Inmate Financial Responsibility Program.  See PSR ¶ 68.  This is more than enough to pay off his $3,224 debt and his $15,000 fine.  Thus, the District Court did not clearly err in imposing the $15,000 fine.[2]

---

[1] It is not entirely clear whether these jobs were held singly or in combination. Giving Smith the benefit of the doubt, we will assume he held only one of these jobs at any one time.

[2] Smith also argues that the District Court failed to consider the impact of the fine on Smith's financial dependents as required by 18 U.S.C. § 3572(a)(2).  This assertion is belied by the record.  The District Court considered the PSR, App. 93, which reported no child support expenses.  The District Court considered Smith's sentencing submissions, namely his memorandum and supporting letters, App. 93-94, which discussed Smith's aspiration to be more involved (and, presumably, more financially involved) with his children, see, e.g., App. 40-41.  And the District Court allowed Smith to give a statement in which he expressed his desire to "raise my family the right way," App. 100, which could be read to include a commitment to some measure of future financial support.  The District Court evidently did not give this factor controlling weight, but it was not required to do so.  All § 3572(a)(2) required was the "consider[ation]" evident from the record.

7

## IV.

For the above reasons, we will affirm the District Court's judgment of sentence.