NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-3276

———

UNITED STATES OF AMERICA,

v.

RASHEED JACOBS,
also known as RASHID JACOBS

Rasheed Jacobs,
            Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-00-cr-00313-010)
District Judge: Honorable J. Curtis Joyner

———

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before:  SLOVITER, NYGAARD, Circuit Judges, and RESTANI[*], Judge

(Filed: April 13, 2010)

———

OPINION

———

---

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

SLOVITER, *Circuit Judge*.

Appellant Rashid Jacobs appeals his conviction and sentence for (1) possession with the intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute cocaine base (crack) within 1,000 feet of a school, in violation of 21 U.S.C. § 860; (3) use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We will affirm.

## I.

Rashid Jacobs and his younger brother Quadre worked for their older brother, Mark, who controlled drug operations on the 2900 block of Bonsall Street in North Philadelphia.[1]

During a search of the Jacobs brothers' house, law enforcement officers recovered a loaded .40 caliber pistol, bulk and packed crack cocaine and crack cocaine packaged for sale in clear vials. Rashid, along with thirteen other individuals, was indicted with conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846, and related distribution and firearms offenses. Several co-conspirators testified about the drug operation run by the Jacobs brothers. For example, Arnold Eugene Mack testified that he "began cooking crack cocaine" for Mark and Rashid in 1998. App. at 82.

---

[1] We will hereafter distinguish between the Jacobs brothers by referring to them by their first name.

2

Rashid was convicted by a jury of one count of possession of crack with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of crack with the intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. § 860; one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At the original sentencing hearing, the District Court, after considering the testimony presented, agreed with the conclusion in the presentence report ("PSR") that Rashid and his brothers were responsible for the distribution of 11.2 kilograms of crack. It further found that Rashid was in criminal history category I, and sentenced him to a total of 374 months imprisonment, six years of supervised release, a $2,000 fine, and a $400 special assessment.

Rashid appealed his conviction and sentence and this court affirmed both. *See United States v. Jacobs*, 96 Fed. Appx. 812 (3d Cir. 2004) (per curiam). He then petitioned for certiorari. Shortly after issuing its decision in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court vacated Rashid's sentence and remanded for further consideration in accordance with that decision. *See United States v. Jacobs*, 543 U.S. 1102 (2005).

At the *Booker* resentencing hearing, Rashid challenged the quantity determination

3

contained in the PSR that was adopted by the District Court. He contended that it was based exclusively on Mack's testimony, which he argued was too speculative. The District Court rejected Rashid's challenge to the quantity determination, stating that nothing he presented provided a basis to change its earlier determination. Rashid asked the court to impose a 240-month sentence, arguing primarily that he was "similarly situated" to his brother Quadre, who had received that sentence at his *Booker* resentencing. App. at 4. The Government responded that Rashid was more culpable than Quadre, and that the 30-to 45-year sentences other co-defendants had received after their *Booker* resentencing reflected their greater culpability. After reviewing the Section 3553(a) factors, the District Court sentenced Rashid to 240 months imprisonment, more than eleven years less than the sentence previously imposed and below the advisory guideline range. Rashid filed a timely notice of appeal.[2]

## II.

We review a district court's sentencing decision for reasonableness, *United States v. Grier*, 475 F.3d 556, 568-69 (3d Cir. 2007) (en banc) (citing *Booker*, 543 U.S. at 260-61), and its drug quantity findings for clear error. *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001). Under the Sentencing Guidelines, the base offense level for a drug offense is determined by the weight of the controlled substance for which the

---

[2] This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

defendant is held accountable. *See* U.S.S.G. § 2D1.1. The determination of the drug quantity must be supported by a preponderance of the evidence, and such evidence "must possess sufficient indicia of reliability to support its probable accuracy." *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999)(quoting *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993)(internal quotation marks omitted).

In arguing that the drug quantity for which he was held responsible was based entirely upon the "speculative" testimony of Mack, Rashid cites to *Lee v. Illinois*, 476 U.S. 530, 545 (1986), where the Court stated that "a codefendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability . . . ." However, in making the quantity determination, the District Court did not rely solely on Mack's testimony but on extensive other testimony which was presented at trial and subject to cross-examination.

This included the testimony by law enforcement officers about the activity that occurred at the corner where Rashid worked, testimony from a drug user who purchased from Rashid, and testimony from a drug seller about the activity that was going on at the corner where the Jacobs brothers worked. There was ample evidence to support the District Court's conclusion that the Government proved by preponderance of the evidence that Jacobs distributed 11.2 kilograms of crack cocaine.

### III.

Rashid next challenges his sentence of twenty years because he received the same

5

sentence as his brother Quadre, who had a higher criminal history category. As we noted already, Rashid had initially argued that he was similarly situated to his brother Quadre, and he asked the Court to impose a comparable, if not identical, sentence. The Government responds that Rashid was more culpable than Quadre as there is evidence that Quadre worked for both Mark and Rashid. We have made clear that disparate sentences are reasonable where facts on the record justify the disparity. *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006). In its discretion, the District Court decided that the distinction between Quadre's and Rashid's criminal histories did not warrant a lower sentence for Rashid because it was outweighed by Rashid's greater degree of culpability. We have no basis to disagree.

Nor do we agree with Rashid that his sentence was unreasonable. Rashid's crime involved the distribution of crack in concert with his brothers over a period of years, accompanied by possession of a gun. These are crimes for which Congress and the Sentencing Commission have advocated substantial sentences. Moreover, in imposing sentence, the District Court followed the required sentencing protocol by taking into consideration the Section 3553(a) factors.

**IV.**

For the reasons set forth above, we will affirm the District Court's judgment of sentence.