NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3545
_____

UNITED STATES OF AMERICA

v.

JACQUON PERRY,
also known as Jaquon Perry,
also known as Jaquan Perry

Jacquon Perry,
                    Appellant
_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No. 2-11-cr-00305-001)
District Court Judge: Honorable Dennis M. Cavanaugh

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2013

Before:  RENDELL, GREENAWAY, JR., and GARTH, *Circuit Judges*

(Filed: May 22, 2013)

_____

OPINION OF THE COURT
_____

GARTH, *Circuit Judge*.

The appellant, Jacquon Perry, appeals from the imposition of a $1,500 fine in connection with his conviction of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] Perry contends that the District Court failed to make necessary findings supporting the imposition of a fine and that his inability to pay the fine renders it substantively erroneous.

We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and (e) and 28 U.S.C. § 1291. For the reasons that follow, we will affirm the District Court's decision.

I

We write principally for the benefit of the parties and recite only the facts essential to our disposition. On February 19, 2011, police investigating a nearby stabbing approached Perry in Newark Penn Station. In response to a police inquiry, Perry revealed that he was carrying a loaded pistol. Because of Perry's previous criminal history— including a conviction for aggravated sexual assault which resulted in his incarceration from 2005 to 2008—Perry was arrested and subsequently charged with being a felon in possession of a firearm. On October 3, 2011, Perry pleaded guilty to this charge.

The presentence report (PSR) subsequently prepared in connection with this case concluded, with respect to Perry's financial condition: "Perry has no assets and reports

---

[1] 18 U.S.C. § 922(g) in relevant part provides: "It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

his only debt as hospital bills. Based on his custody status, he does not have any current daily living expenses, other than the support of his two year old son. Based on the defendant's financial profile, he does not have the ability to pay a fine within the guideline range [$5,000 - $50,000]. Perry may be able to pay a modest fine below the guideline range on an installment basis." The PSR further noted that Perry received his high school diploma while incarcerated and that since his release in 2008 had held several menial jobs, including doing sanitation work, assisting a relative doing custodial work, and assisting a relative in a trucking corporation. With respect to Perry's son, the PSR listed conflicting accounts by Perry and the child's mother concerning whether Perry provided child support.

At the sentencing hearing on August 27, 2012, Perry described his intention to break from his past behavior, specifically noting his desire to work and to raise his child. The government, in response, characterized Perry as "not somebody that was living a productive life" and asserted that "he hasn't really been trying."

After hearing these and other arguments by Perry and the government, the District Court sentenced Perry to thirty-three months' imprisonment followed by three years of supervised release. The Court, after adopting the PSR, further ordered:

> [T]he Defendant shall pay to the United States a fine of $1,500. The Court finds that the Defendant lacks the ability to pay a fine within the Guideline range. The fine is due immediately. It is recommended that the Defendant participate in the Bureau of Prisons' Inmate Responsibility Program. If the Defendant participates in the program, the fine shall be paid from the funds at a rate equal to $25 every three months. In the event that the fine is not paid prior to the commencement of supervision, the Defendant shall satisfy the amounts due in monthly installments of no less than $50 to commence 30 days after release from confinement.

After this sentence was imposed, counsel for Perry requested that the fine be lowered or waived, arguing: "[The Public Defender's] clients generally are not fined, especially when they are in the Guideline range. He's only ever had just those two jobs. They were menial-paying. It's been an extremely difficult time. I'd hate to see him violated because he's behind on a fine payment. He's got a young child to support." The Court declined to alter the fine.

The written final judgment issued by the District Court further indicated: "The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3)." The judgment also specified that "payment of criminal monetary penalties is due during imprisonment."

Perry timely appealed from the imposition of the fine.

## II

The sole question posed by this appeal is whether the District Court properly imposed a $1,500 fine. "We exercise plenary review with respect to issues of law, including the issue of the legal sufficiency of a District Court's findings of fact. In the event legally adequate findings of fact are made regarding a defendant's ability to pay a fine, we review those findings for clear error." United States v. Kadonsky, 242 F.3d 516, 518 (3d Cir. 2001) (citation omitted).

## III

The threshold question for our review is whether the District Court made a finding of fact concerning Perry's ability to pay a fine such that there is a sufficient record for our

review. See United States v. Demes, 941 F.2d 220, 224 (3d Cir. 1991). As this Court has

recognized, "[i]f the defendant comes forward with [evidence from which the Court

could find it more likely than not that any fine would remain unpaid], the Court may not

impose a fine without making findings concerning the defendant's ability to pay it. The

burden of persuasion is on the defendant to show that an inability to pay will be more

likely than not." Kadonsky, 242 F.3d at 520 (citations and internal quotation marks

omitted). See also U.S.S.G. § 5E1.2(a) ("The court shall impose a fine in all cases, except

where the defendant establishes that he is unable to pay and is not likely to become able

to pay any fine").[2] The government does not dispute that Perry, in emphasizing his

---

[2] The Sentencing Guidelines further set forth a set of factors to be considered in imposing a fine. U.S.S.G. § 5E1.2(d) provides:

In determining the amount of the fine, the court shall consider:
(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;
(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;
(4) any restitution or reparation that the defendant has made or is obligated to make;
(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;
(6) whether the defendant previously has been fined for a similar offense;
(7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and
(8) any other pertinent equitable considerations.
The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

5

indigency, lack of employment history, and need to support a child, put forward sufficient evidence to require the District Court to make a finding concerning his ability to pay.

This Court has previously had occasion to consider the contours of the District Court's basic factfinding obligation. In Demes, the District Court had imposed a fine without addressing the question of whether the defendant could afford to pay the fine, and the PSR suggested that he in fact could not do so. Under these circumstances, this Court held that "we are obliged to remand because it is not clear from the record that the defendant had the ability to pay, and the district court failed to make an explicit finding in that respect." Demes, 941 F.2d at 224.

This Court has, however, sustained a fine where it is able to *infer* that the District Court had made a proper factual finding of the defendant's ability to pay, even in the absence of an express finding. In United States v. Joshua, we determined that the District Court had made an adequate factual finding when it imposed a $3,000 fine, notwithstanding the PSR's conclusion that the defendant was unable to pay, on the ground that the defendant was a judgment creditor owed $3,000 as a result of a lawsuit. United States v. Joshua, 976 F.2d 844, 856 (3d Cir. 1992) abrogated on other grounds by Stinson v. United States, 508 U.S. 36 (1993). Specifically, the Court noted: "It is clear from this statement [concerning the $3,000 owed to the defendant] that the court considered the defendant's ability to pay. The imposition of the fine will therefore be affirmed." Id. (footnote omitted).

Similarly, in United States v. Torres, 209 F.3d 308 (3d Cir. 2000), this Court noted:

> While Torres is correct that the District Court did not explicitly find an ability to pay, *it surely implicitly did so* when it stated that it could impose a fine within the guideline range only if Torres had the ability to pay that fine, and thereafter imposed a fine; when it indicated in the Statement of Reasons section of the Judgment that the fine was not "waived or below the guideline range because of inability to pay" and the interest requirement on the fine was not waived or modified because of an inability to pay; and, most importantly, when it adopted the facts set forth in the PSR.

Id. at 313 (emphasis added).

Although the District Court in the present case did not expressly find that Perry was able to pay a $1,500 fine, we conclude that, as in Joshua and Torres, the District Court's statements make clear that it considered Perry's ability to pay and the record is thus sufficient for our review. First, the Court expressly found that Perry was not able to pay a Guidelines-range fine or interest on the fine. This finding indicates that, at the very least, the Court contemplated the question of Perry's finances. Cf. Demes, 941 F.2d at 223 (concluding that District Court "made *no finding* as to Demes's ability to pay the fine" (emphasis added)).

More significant, the District Court considered not only the limits on Perry's capacity to pay, but it also addressed his future ability to contribute to a fine while in prison. See United States v. Seale, 20 F.3d 1279, 1284 (3d Cir. 1994) ("Future earning capacity is obviously an appropriate factor to consider [in imposing fine]."). The District Court ordered that "[t]he fine is due immediately" and recommended that Perry participate in the Bureau of Prisons' Inmate Responsibility Program. Although the Court proceeded to set a payment floor of $25 every three months, which would leave a significant portion of the fine potentially unpaid upon the completion of Perry's sentence,

7

it also specified that *"[i]n the event that the fine is not paid prior to the commencement of supervision*, the Defendant shall satisfy the amounts due in monthly installments of no less than $50 . . . ."* (emphasis added). The District Court thus implicitly articulated its conclusion that the fine, repayment of which was to begin immediately, *could* be paid off during Perry's incarceration term through participation in the prison repayment program.

These implicit findings, coupled with the evidence in the record concerning the defendant's employment history and financial obligations, create a factual record sufficient for our review.

IV

Perry additionally claims that, even if it did properly make factual findings in support of a fine, the District Court clearly erred in imposing the $1,500 fine. We disagree. As discussed above, the Court crafted a fine that was well below the Guidelines range and that the Court anticipated could be paid in full prior to Perry's release from prison. Perry, who bore the burden of showing he is unable to pay a fine, Kadonsky, 242 F.3d at 520, has offered no basis from which to conclude that he clearly could not pay this fine from income earned working in prison, nor does the record clearly disclose any. Perry was approximately twenty-five years old at the time of sentencing, was able-bodied, expressed an enthusiasm for work, and had a modest record of past employment. The District Court thus did not clearly err in implicitly determining that Perry could earn income over the course of his thirty-three month sentence sufficient to pay the fine. See United States v. Williams, 996 F.2d 231, 234 (10th Cir. 1993) ("'On average, Federal inmates that work can earn $1,000 a year . . . .'" (quoting Administrative Office of the

8

U.S. Courts, Bringing Criminal Debt into Balance: Improving Fine & Restitution Collection 17 (1992))). See also United States v. Taylor, 984 F.2d 618, 622 (4th Cir. 1993) ("The courts are presumed to have some passing familiarity with the conditions of confinement at a federal prison, including how much prisoners get paid.").

Considerations involving Perry's young son, moreover, are insufficient to render the fine clearly erroneous. Perry bore the burden of demonstrating his inability to pay, and the record's conflicting and non-specific accounts of Perry's child-support role do not clearly demonstrate that his obligations prevented him from being able to pay even the modest fine imposed.

We note, finally, that this and other courts have repeatedly upheld fines imposed in similar circumstances. See, e.g., Torres, 209 F.3d at 314 (upholding $5,000 fine imposed on indigent defendant to be paid over five years of supervised release); United States v. Hernandez, 85 F.3d 1023, 1031 (2d Cir. 1996) ("Despite his present inability to pay the fine, we have no reason to believe that Rodriguez will be unable to work while incarcerated. Nor do we think that a fine of $10,000 to be paid over the course of twenty-five years of incarceration is unreasonably high."); Taylor, 984 F.2d at 622 (approving $2,000 fine to be paid over 63-month sentence and three years of supervised release); United States v. Turner, 975 F.2d 490, 498 (8th Cir. 1992) (imposition of $25,000 fine to be paid over course of life sentence not clearly erroneous).

For the foregoing reasons, the order of the District Court will be affirmed.