**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3299
_____

UNITED STATES OF AMERICA

v.

GREGORY A. JACKSON,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-18-cr-00028-001
District Judge: The Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 21, 2020

Before: SMITH, *Chief Judge*, McKEE, and JORDAN, *Circuit Judges*

(Filed: September 24, 2020)
_____

OPINION*
_____

SMITH, *Chief Judge*.

Gregory Jackson was found guilty of distributing fifty grams or more of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  On appeal,

Jackson challenges his conviction, alleging that the District Court erred by (1) denying

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his motion to suppress; (2) ruling that he could not present an entrapment defense; and (3) concluding that asserting an entrapment defense categorically precludes an offense-level reduction for acceptance of responsibility. As all three claims lack merit, we will affirm the District Court.

## I. JURISDICTION

The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II. MOTION TO SUPPRESS[1]

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. CONST. amend. IV. Typically, this means that officers must obtain a warrant based on probable cause prior to an arrest. A warrantless arrest is reasonable, however, where there is probable cause to believe that the arrestee has or is committing a criminal offense. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "[P]robable cause exists when the totality of the circumstances within an officer's knowledge[, at the time of the arrest,] is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense." *United States v. Laville*, 480 F.3d 187, 189 (3d Cir. 2007).

---

[1] This Court reviews a denial of a motion to suppress for clear error with respect to the underlying factual findings and de novo with respect to legal determinations. *See United States v. Brown*, 595 F.3d 498, 514 (3d Cir. 2010).

Jackson claims that the information available to the police at the time of his arrest was insufficient to establish probable cause. Thus, he argues that the District Court should have suppressed his subsequent statements and the narcotics found based on those statements as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963). We do not agree.

There was ample evidence to support probable cause here: (1) a known and reliable informant told law enforcement that he had previously obtained cocaine and meth from Jackson; (2) the informant identified Jackson in multiple photos; (3) the informant made several recorded telephone calls to Jackson, during which Jackson agreed to provide "windshields" (a pseudonym for meth), App. 44–45; (4) Jackson traveled to meet the informant; (5) prior to this meeting, police searched the informant and his vehicle to assure he possessed no drugs or other contraband; (6) officers were aware of the informant's movements at all times, including his interactions with Jackson; (7) after meeting with Jackson, the informant turned over suspected meth to the police, stating that Jackson gave it to him; and (8) the substance field-tested positive for meth.

Based on the information available at the time of arrest—some from the informant, which the police largely verified, and some from the officers' own actions and observations—there was probable cause. Therefore, the District Court appropriately denied Jackson's motion to suppress.

## III.   ENTRAPMENT DEFENSE[2]

The entrapment defense places on the defendant the burden of production regarding two separate elements: government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the criminal conduct. *See United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990).  Inducement can take various forms, including "persuasion, fraudulent representation, threats, coercive tactics, harassment, promises of reward or pleas based on need, sympathy or friendship." *United States v. El-Gawli*, 837 F.2d 142, 149 (3d Cir. 1988).  Merely creating an opportunity for a crime, however, is insufficient. *See United States v. Dennis*, 826 F.3d 683, 690 (3d Cir. 2016).

To evaluate whether government inducement occurred in this case, we must differentiate between the informant's acts as a private individual versus government agent.  There is nothing in the record indicating that the informant engaged with Jackson on behalf of law enforcement until September 2017.  Consequently, prior dealings are unattributable to the government.  This leaves Jackson with little evidence of actions that amount to government inducement.  Even Jackson's strongest example is unconvincing: The informant asked Jackson to provide a quantity of meth, and Jackson did so with little objection or hesitation.  Based on the record before us, we are satisfied that Jackson did not meet his burden.[3]

---

[2] We exercise plenary review of a district court's decision to bar an entrapment defense and instruction. *See United States v. Baker*, 928 F.3d 291, 295 n.7 (3d Cir. 2019).
[3] We need not explore the issue of predisposition since the first element is unmet. However, Jackson's entrapment defense would also fail on this prong: he was

## IV. SENTENCING[4]

The Sentencing Guidelines provide that "if the defendant clearly demonstrates acceptance of responsibility for his offense," the offense level decreases by two. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (U.S. SENTENCING COMM'N 2018). The accompanying commentary further explains that a reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." *Id.* at n.2. We acknowledge that "[o]rdinarily a claim of entrapment at trial seems to be the antithesis of the acceptance of responsibility." *United States v. Demes*, 941 F.2d 220, 222 (3d Cir. 1991). Nonetheless, some courts recognize that in rare circumstances a defendant may deserve a reduction for acceptance of responsibility even after a trial. *See, e.g.*, *Joiner v. United States*, 103 F.3d 961, 963 (11th Cir. 1997); *United States v. Portillo-Valenzuela*, 20 F.3d 393, 394 (10th Cir. 1994).

Jackson asserts that the District Court erroneously interpreted the Guidelines by adopting a categorical rule denying an acceptance of responsibility adjustment whenever

---

predisposed to commit the crimes for which he was convicted, as evidenced by the signed summary of his interview with police.

[4] This Court reviews a district court's refusal to grant an offense-level reduction for acceptance of responsibility for clear error. *See United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014). When faced with a legal question concerning the proper interpretation of the Sentencing Guidelines, we exercise plenary review. *See United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016).

a defendant seeks to assert an entrapment defense at trial. But the District Court did no such thing. Relevant to this issue, the District Court said:

> All right. I find that Mr. Jackson does not meet the requirements set forth in guideline section 3E1.1A to qualify for an offense reduction for acceptance of responsibility. Application note 2 to the section provides that the acceptance reduction is not intended to apply to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt and expresses remorse.
>
> Mr. Jackson in fact put the government to its burden and was convicted, although he has yet to accept responsibility, admit guilt, or express remorse. To the contrary, in his sentencing memo Mr. Jackson persists in his entrapment defense, maintaining that he was tricked by the government and that a confidential informant cajoled him to commit the instant offense conduct.
>
> The Court of Appeals of the Third Circuit has said that such claims "ordinarily are the antithesis of acceptance of responsibility." I direct counsel to the Third Circuit's decision in *United States v. Demes*, that's D-E-M-E-S, 941 F.2d 220, page 222, a 1991 Third Circuit decision. I will therefore overrule this objection.

App. 147. This passage contains nothing to suggest a categorical rule. Rather, the Court's analysis comports with our precedent, and accordingly, the District Court did not err.

## V. CONCLUSION

Because Jackson's challenge fails, we will affirm the District Court.

6