PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1442
_____

UNITED STATES OF AMERICA

v.

ERNEST THOMAS HARRIS
a/k/a PICKLE
a/k/a MICHAEL YOUNG
a/k/a MICHAEL FORD,

                                   Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:11-cr-00196-001)
District Judge: Honorable Nora Barry Fischer

_____

Argued October 29, 2013

Before: MCKEE, <u>Chief Judge,</u> FISHER and SLOVITER,
<u>Circuit Judges</u>

(Opinion Filed: May 9, 2014)


Jane M. Dattilo, Esq.(Argued)
Rebecca R. Haywood, Esq.
David J. Hickton, Esq.
Office of United States Attorney
700 Grant Street
 Suite 4000
Pittsburgh, PA 15219
                    *Counsel for Appellee*

Joseph M. Yablonski, Esq. (Argued)
Yablonski, Costello & Leckie, P.C.
505 Washington Trust Building
30 East Beau Street
Washington, PA 15301
*Counsel for Appellant*

_____

OPINION OF THE COURT
_____

McKEE, Chief Judge

Ernest Thomas Harris appeals the 120-month sentence that the district court imposed on him following his nolo contendere plea for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Harris claims that his sentence was substantively and procedurally flawed. The primary contention that he raises, one of first impression for this Court, is whether one who pleads nolo contendere to an offense is thereby ineligible for a reduction in the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Although we hold that a nolo contendere plea does not automatically preclude a district court from granting such a reduction, we will nevertheless, affirm the sentence.

**I.**

On May 31, 2011, Harris consumed large amounts of drugs and alcohol from about 4:00 p.m. to 9:00 p.m. in celebration of his birthday. He continued his celebration by meeting some friends at a bar in Pittsburgh, Pennsylvania. At some point after arriving at the bar, Harris brandished a gun several times as he walked around the bar, sometimes swaying from side to side. His actions were recorded by the bar's video cameras. In response, two patrons inside the bar called 911 and identified Harris as the man who was brandishing the gun.

When Officer Raymond Perry arrived on the scene, Harris was standing outside of the bar with the gun in his

hand. With the help of other officers, Officer Perry arrested Harris and seized the gun. Officer Perry testified that Harris uttered nonsensical things to the officers as they arrested him. Officer Perry concluded that Harris was highly intoxicated, and the officers declined to interview him at that time.

On August 24, 2011, a federal grand jury returned a two-count indictment against Harris charging him with unlawful possession of ammunition (Count One), and unlawful possession of a firearm by a convicted felon (Count Two).

On December 20, 2011, the district court held a change of plea hearing to determine whether Harris could plead nolo contendere to Count Two.[1] During the hearing, Harris testified that, on the night in question, he was so intoxicated that he did not remember anything after he arrived at the bar. Officer Perry testified that Harris uttered strange things to him during the arrest and was too intoxicated to be interviewed. The district court also watched the video recording made by the bar's camera that night, and Harris admitted he was the man in the video with the gun.

At the end of this hearing, the government agreed that Harris probably did not remember the events from that night and suggested that the district court accept the nolo contendere plea. The district court agreed with the government that Harris was too intoxicated to remember the details of that night, and concluded that a nolo contendere plea was appropriate on Count Two.

The district court thereafter accepted the plea and subsequently sentenced Harris to the statutory maximum of 120-months imprisonment on Count Two. His base offense level for violating § 922(g)(1) was 24; he received a 4-level increase for possessing a firearm in connection with another felony; and he incurred a 2-level increase for possessing a stolen firearm. The district court denied Harris's requests for a 3-level reduction for acceptance of responsibility under

---

1 Harris pleaded not guilty to Count One and was subsequently acquitted after a three day trial.

3

U.S.S.G. § 3E1.1 and a downward variance based on his mental health history. With a base offense level of 30 and a criminal history category of IV, his advisory sentencing Guidelines range was 135 to 168 months. The district court reduced this sentence to the statutory maximum of 120 months.

## II.

Harris argues the district court erred in rejecting his request for a U.S.S.G. § 3E1.1 reduction for acceptance of responsibility. We review a district court's determination of whether the defendant is entitled to an acceptance of responsibility under reduction for clear error. *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996).

Under U.S.S.G. § 3E1.1(a), a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a 2-level reduction to his calculated offense level. [2] The defendant, however, must show by a preponderance of the evidence that s/he is entitled to this reduction. *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002). Moreover, in assessing whether a defendant has adequately accepted responsibility, the district court "has the obligation to *assess the totality of the situation*." *United States v. Cohen*, 171 F.3d 796, 806 (3d Cir. 1999) (internal citation and quotation marks omitted) (emphasis added).

Harris claims he did everything he could to demonstrate acceptance of responsibility. According to Harris, he had to plead nolo contendere rather than guilty

---

2 In his brief, Harris mentions that, in addition to the 2-level reduction under § 3E1.1(a), he expected a 1-level reduction under § 3E1.1(b). To qualify for a § 3E1.1(b) reduction, however, the defendant must first qualify for a 2-level reduction under § 3E1.1(a). The government must also submit a motion "stating that the defendant has assisted authorities . . . by timely notifying [them] of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and . . . allocate their resources efficiently." Since we agree that Harris did not qualify for a § 3E1.1(a) reduction, and the government did not submit the requisite motion, Harris is ineligible for this 1-level reduction.

4

because he was so "high" from ingesting alcohol and controlled substances that he simply could not remember the events of the night in question. Nevertheless, he argues that he told the truth and immediately accepted responsibility for his actions, and should therefore have been afforded the benefit of a reduced offense level. He argues that he should not be forced to perjure himself by admitting to actions under oath that he could not remember in order to receive the benefit of U.S.S.G. § 3E1.1. Although we do not disagree, Harris's argument ignores the circumstances surrounding his plea.

The district court found Harris's statements that he could not recall the evening in question credible, and we therefore do not doubt that Harris simply could not recall the circumstances leading to his arrest to the extent required to admit his conduct under oath. We are not unsympathetic to Harris's claim that he should not be lured into perjury in order to admit to conduct that he simply cannot remember. Nevertheless, on this record, we are not prepared to say that the district court committed clear error in concluding that Harris was not sufficiently remorseful to receive the benefit of U.S.S.G. § 3E1.1.

The district court was in a unique position to assess his sincerity, and "we are especially deferential to [its] assessment of whether the defendant accepted responsibility." *United States v. Williams*, 344 F.3d 365, 379 (3d Cir. 2003); *see also* U.S.S.G. § 3E1.1 cmt. 5. Here, the district court was able to carefully evaluate Harris's demeanor prior to imposing this sentence. During Harris's change of plea hearing, the district court observed Harris's demeanor as the court viewed the surveillance video from the bar. The district court could also observe Harris as the video played in court. Even though Harris did not remember his actions in the bar, he saw what he did. Although we certainly do not expect him to admit to something he did not remember just so that he could "game the system" into giving him a reduction under U.S.S.G. § 3E1.1, Harris's claim of clear error ignores the fact that the district court could draw certain conclusions from Harris's reaction to the surveillance video. The court concluded that, even though he could not then remember his actions in the bar, his demeanor when confronted with the

video suggested an absence of remorse for what he saw. Even if his conduct did not endanger anyone in the bar – a rather dubious proposition that we will accept for purposes of argument – he clearly placed the people in the bar in fear of imminent harm.

We are simply not prepared to say that it was clearly erroneous for the district court to conclude that Harris's reaction to that video was inconsistent with an expression of remorse for the conduct depicted. Despite Harris's arguments to the contrary, this situation is simply not the same as penalizing him for his inability to recall his conduct that night, and we cannot agree that he received a greater sentence because he refused to perjure himself and admit to conduct he did not remember. The district court closely and carefully assessed the totality of the situation, and there is no clear error.

**III.**

Harris also argues that the district court erred by applying U.S.S.G. §§ 2K2.1(b)(6)(B) and 2K2.1(b)(4)(A) to his sentence. We "review factual findings relevant to the [Sentencing] Guidelines for clear error." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). A district court's "'finding is clearly erroneous when . . . the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ali*, 508 F.3d 136, 143 (3d Cir. 2007) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).

**A.**

Under U.S.S.G. § 2K2.1(b)(6)(B), a defendant incurs a 4-level enhancement if the district court finds that he "[u]sed or possessed any firearm or ammunition in connection with another felony offense." In making this determination, the district court applies a preponderance of the evidence standard. *United States v. West*, 643 F.3d 102, 104-05 (3d Cir. 2011).

Here, the district court found by a preponderance of the evidence that Harris committed simple assault in violation of 18 Pa. Cons. Stat. Ann. § 2701(a)(3) by placing patrons in

6

the bar in fear of imminent bodily injury with his actions. Harris argues that the evidence was insufficient to establish that he committed simple assault. Specifically, Harris contends that the video recordings demonstrated that he only possessed and brandished the firearm. He claims that is not sufficient to constitute simple assault under Pennsylvania law.

The district court noted that although the surveillance recording did not have audio, the menacing nature of Harris's actions was established by observing the video. Moreover, the district court listened to recordings of the 911 calls placed that night from the bar. Those recordings included one caller affirming that Harris was threatening people in the bar. The district court found that this was sufficient to establish by a preponderance of the evidence that Harris's actions that night placed patrons in the bar in fear of imminent bodily injury. Thus, we are not left with a "definite and firm conviction that a mistake has been committed." *Ali*, 508 F.3d at 143.

**B.**

Under U.S.S.G. § 2K2.1(b)(4)(A), a defendant incurs a 2-level enhancement if the district court finds that the defendant possessed a stolen firearm. In making this determination, the district court again applies a preponderance of the evidence standard. *See Grier*, 568 F.3d at 567.

Harris claims that the government failed to show by a preponderance of the evidence that the firearm in question was stolen. He claims that the firearm owner, who passed away before Harris's sentencing hearing, would not have been a credible witness had he been able to testify at Harris's sentencing. According to Harris, the firearm owner's purported lack of credibility establishes that the government could not prove the firearm was stolen, and therefore the district court clearly erred in so finding.

Despite the firearm owner's possible credibility issues, the district court determined that sufficient evidence was present to demonstrate the firearm was stolen. The district court carefully examined two reports from the Department of Justice that indicated that the firearm was stolen. The district court also pointed out that Harris had not presented any

evidence suggesting he had a lawful right to the firearm. The district court therefore concluded that the government had satisfied its burden. We cannot conclude that the district court clearly erred in applying this enhancement.

## IV.

Nor did the district court commit procedural or substantive error by denying Harris's request for a downward variance based on his mental-health. On review of a district court's sentencing decision, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). This review is for abuse of discretion. *Id.* If the district court has committed no substantial procedural error, "we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Id.* at 218.

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Here, although not explicitly alleged by Harris, the only procedural error he could attempt to argue is that the court did not properly consider all of the factors contained in 18 U.S.C. § 3553(a). Although we do not suggest the district court did fail to adequately consider § 3553(a), Harris seems to argue that the court failed to adequately consider the "history and characteristics of the defendant" under § 3553(a)(1) by failing to sufficiently consider his mental health history and background.

Harris asserted that his alcohol and drug problems were a significant part of his mental health issues. The district court correctly found that substance abuse problems, without more, do not necessarily justify a downward variance under the Guidelines. U.S.S.G. § 5H1.4. The district court also considered, but rejected, a downward variance based on U.S.S.G. § 5H1.3. The court concluded that Harris's case

was not sufficiently extraordinary to warrant a departure based on this provision. *See* U.S.S.G. § 5H1.3. Accordingly, the district court committed no procedural error.

Harris's sentence was also substantively reasonable. Substantive review of a district court's sentence "requires us not to focus on one or two factors, but on the totality of the circumstances." *Tomko*, 562 F.3d at 567. Due to the district court's unique position as the sentencing court, "[w]e may not reverse [it] simply because we would have imposed a different sentence." *Wise*, 515 F.3d at 218. Indeed, we "will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Here, in imposing the statutory maximum sentence on Harris, the district court adequately considered all of the § 3553(a) factors. Accordingly, there is no reason to conclude that the sentence was unreasonable. *See id.* ("[A]bsent any significant procedural error, we must give 'due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." (citation omitted)).

For these reasons, we will affirm the district court's sentence.