**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1673
_____

UNITED STATES OF AMERICA

v.

DEBORAH CASSINI,
Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-13-cr-00322-001
District Judge: The Honorable Cathy Bissoon

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 8, 2015

Before: FUENTES, SMITH, and BARRY, *Circuit Judges*

(Filed: October 30, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SMITH, *Circuit Judge.*

On August 6, 2014, Deborah Cassini pleaded guilty to a seven-count indictment consisting of four counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1). Cassini's Sentencing Guidelines range was 37 to 48 months of imprisonment. Cassini filed a motion for a downward departure based on family ties and responsibilities, U.S.S.G. § 5H1.6, and a motion for a downward variance to a non-custodial sentence based on the factors enumerated in 18 U.S.C. § 3553(a). The District Court denied both motions and sentenced Cassini to 42 months of imprisonment and a 3-year term of supervised release for the wire fraud counts to run concurrently with 36 months of imprisonment and a 1-year term of supervised release for the tax counts. Cassini was also ordered to make restitution in the amount of $647,107.89. On March 17, 2015, she appealed the District Court's denial of both of her motions. We will affirm.[1]

Cassini first argues that the District Court erred in rejecting her request for a downward departure based on U.S.S.G. § 5H1.6 on account of the health of her husband. Generally, "[w]e do not have jurisdiction to review discretionary decisions by district courts to not depart downward." *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007); *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006) (stating that this Court "declin[es] to review, after [*United States v. Booker*, 543 U.S. 220 (2005)], a district court's decision to deny departure"), *abrogated on other grounds by Rita v. United*

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*States*, 551 U.S. 338 (2007). The narrow exception to this rule provides that we may review the denial of a departure where the record reflects that the sentencing court did not understand its legal authority to do so. *Id.* The sentencing colloquy makes clear that the District Court understood its authority to depart downward and simply chose not to. Because the District Court exercised its discretion and did not misunderstand its legal authority to depart, we lack jurisdiction to review its refusal to depart downward.

Cassini also challenges the District Court's denial of her motion for a variance under the factors enumerated in 18 U.S.C. § 3553(a). A variance, which is distinguishable from a departure, *United States v. Vampire Nation*, 451 F.3d 189, 197-98 (3d Cir. 2006), is subject to a two-step review. First, using an abuse-of-discretion standard of review, we ensure that the district court "'committed no significant procedural error in arriving at its decision.'" *United States v. Harris*, 751 F.3d 123, 128 (3d Cir. 2014) (quoting *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008)); *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009). Where there is no substantial procedural error, we next review, also under an abuse-of-discretion standard, the "substantive reasonableness" of the sentence. *Id.*

Cassini argues that "it is clear that complete, reasoned assessment of all [§ 3553(a)] factors was not undertaken." Appellant Br. 24. The sentencing colloquy belies this argument. The District Court evaluated each § 3553(a) factor in denying Cassini's request for a downward variance. Accordingly, the District Court committed no procedural error.

3

With regard to the substantive reasonableness of Cassini's sentence, we similarly conclude that the District Court committed no error. Generally we "will affirm [a sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Issuing a middle-of-the-guidelines-range sentence, the District Court undertook an "'appropriate and judicious consideration of the relevant factors.'" *See United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). Cassini, who bears the burden of proof, *id.*, points to alternative inferences the District Court could have drawn at sentencing. This simply is not enough to establish that the District Court abused its discretion, particularly given the District Court's detailed discussion of the § 3553(a) factors.

For the foregoing reasons, we will affirm the judgment of the District Court.