NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2056
_____

UNITED STATES OF AMERICA

v.

NICHOLAS AQUILANTE,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cr-00043-001)
District Court Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2016

Before:  FISHER, CHAGARES and BARRY, *Circuit Judges*.

(Filed: January 27, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Nicholas Aquilante, who was convicted by a jury of bank robbery, appeals the District Court's decision not to give him credit for acceptance of responsibility at sentencing. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Nicholas Aquilante robbed the Republic Bank at 833 Chestnut Street in Philadelphia. Shortly after noon on July 5, 2013, Aquilante, carrying a bomb-like object, walked up to a bank teller, placed the object on the teller's counter, and slid a note and a plastic bag to the teller. The note said that the device on the counter was a bomb, that the teller should place money in a bag, and that if the teller put bait-money or a dye pack in the bag he would kill her in 35 seconds. The teller put $481.00 and a dye pack in the bag. Aquilante fled the building with the bag and the demand note, and, as he did so, the dye pack exploded. Aquilante threw the bag of money in a dumpster, changed shirts, and left the area.

Aquilante was arrested two weeks later. While in the custody of the FBI, Aquilante signed a written waiver and gave a written confession that he had robbed the bank and had told the teller he had a bomb. He also signed photographs of himself both walking to the bank and robbing the bank. At no point during this meeting did Aquilante

mention that he was under duress when he had robbed the bank. About four months later, however, Aquilante sent a letter to the United States Attorney's Office for the Eastern District of Pennsylvania in which he offered his cooperation on other criminal matters and stated, for the first time, that he had only committed the robbery under duress, claiming that someone was threatening to hurt his daughter if he did not do it.

Before trial, Aquilante sought to suppress his confession to the police, arguing that it was not voluntary. The District Court denied the motion. The case was then tried in September 2014, and Aquilante testified as follows in his defense. He said that, the night before the robbery, he was at a party with a man named Mayo and one of Aquilante's daughters. The morning of the robbery, Mayo and Aquilante met at a Burger King. At that meeting, Mayo threatened to hurt Aquilante's daughter if Aquilante did not go through with the plan to rob the bank. Mayo then gave Aquilante the note and the fake bomb. When asked on cross-examination about the specific nature of the threat, Aquilante testified that Mayo had told him, "'[I]f you don't go through with this, I'll do something to your daughter.'"[1] He also stated on direct examination that he only robbed the bank to protect his daughter and that he could have made money in other ways.[2]

The jury found Aquilante guilty of one count of bank robbery in violation of 18 U.S.C. § 2113(a). The District Court held a sentencing hearing on April 20, 2015. The District Court applied upward adjustments because a financial institution was targeted

---

[1] (Supp. App. 103.)
[2] (Supp. App. 93, 96.)

3

and because a dangerous weapon was used.[3] The Presentence Report did not recommend a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and the District Court denied Aquilante's request for such a sentencing reduction.

Based on a total offense level of 26 and a criminal history category of VI, Aquilante's Guidelines range was 120 to 150 months' imprisonment. The District Court sentenced him to 140 months' imprisonment to be followed by a three-year term of supervised release. Aquilante appealed, arguing that the District Court should have applied a sentencing reduction for acceptance of responsibility.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's denial of a downward adjustment for acceptance of responsibility for clear error.[4] We give great deference to the sentencing judge's decision not to apply a two-level reduction for acceptance of responsibility.[5]

## III.

The Sentencing Guidelines state that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," the district court should "decrease the

---

[3] *See* U.S.S.G. § 2B3.1(b)(1) and (b)(2)(D).
[4] *United States v. Singh*, 923 F.2d 1039, 1042–43 (3d Cir. 1991).
[5] *United States v. Barr*, 963 F.2d 641, 657 (3d Cir. 1992).

4

offense level by 2 levels."[6] The burden is on the defendant to establish, by a preponderance of the evidence, that he is entitled to the reduction.[7] When assessing whether a defendant has accepted responsibility, the District Court must assess the totality of the situation.[8] We recognize that "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for [an acceptance of responsibility] reduction."[9] There are "rare situations" in which a defendant who proceeds to trial may still "clearly demonstrate an acceptance of responsibility for his criminal conduct."[10]

Aquilante argues that this case presents just such a rare situation. He reasons that he really did accept responsibility in this case when he freely admitted his guilt in a letter to the United States Attorney's Office before he was indicted. He further contends that his going to trial should not count against him because he only did so to present a duress defense, not to contest his participation in the robbery. As such, Aquilante says that the District Court clearly erred in denying him credit for acceptance of responsibility.

At sentencing, the District Court recognized that it is possible for a defendant to go to trial and still receive credit for acceptance of responsibility in certain cases but that this was not one of them. After assessing the totality of the situation, the District Court

---

[6] U.S.S.G. § 3E1.1(a).
[7] *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002).
[8] *United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014).
[9] U.S.S.G. § 3E1.1 cmt. n.2.
[10] *Id.*

explained that Aquilante "rescinded his acceptance of responsibility by going to trial, by testifying as he did during trial and taking the position that he did."[11] Given the facts of this case, we cannot say that the District Court's conclusion was clearly erroneous. For one thing, Aquilante's story about the threat does not appear credible. Aquilante did not mention that Mayo had threatened his daughter when he was initially arrested or when he confessed his crime to the FBI. In fact, he did not bring up the alleged threat until about four months after he was arrested. One inference to be drawn from this is that Aquilante simply made the story up as a way to dodge responsibility for his decision to rob a bank, which is even more plausible in light of Aquilante's vague descriptions of the threat during trial, on both direct and cross-examination.

But even if we were to credit Aquilante's story about the threat, the District Court's conclusion that Aquilante was not entitled to the reduction would still be correct. The thrust of Aquilante's trial testimony was that he should not be held responsible for robbing the bank because he had not really wanted to do it.[12] Aquilante was asking the jury not to hold him responsible for his robbing a bank on the basis that his coconspirator had, moments before the crime was committed, said, "'[I]f you don't go through with this, I'll do something to your daughter.'"[13] Regardless of the truth of this assertion, the

---

[11] (App. 33.)

[12] On cross-examination, Aquilante said, "I only did it because of the threat." (Supp. App. 109.)

[13] (Supp. App. 103.)

District Court did not err in concluding that such a position was inconsistent with acceptance of responsibility.

## IV.

We agree with the District Court that, while it is possible to go to trial and still receive credit for acceptance of responsibility, under these circumstances such a reduction was not warranted. The District Court's denial of Aquilante's request for a sentencing reduction was not clearly erroneous, and we will therefore affirm the District Court's judgment.