**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4376
_____

UNITED STATES OF AMERICA


v.

JAIME FOURNIER
a/k/a Bori

JAIME FOURNIER,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-10-cr-00676-009)
District Judge: Hon. Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 3, 2016
_____

Before: McKEE, *Chief Judge*, SMITH, and HARDIMAN, *Circuit Judges*.

(Opinion filed: April 25, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*

Jaime Fournier appeals the District Court's judgment of sentence denying a reduction of the offense level for acceptance of responsibility. For the reasons that follow, we will affirm.

I.

Because we write for the parties who are already familiar with the facts and procedural history, we set forth only the background necessary to our conclusion.

On July 6, 2011, Fournier was indicted by a grand jury in the Eastern District of Pennsylvania, charging him with one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 and one count of possession of 100 grams or more of heroin with intent to distribute, and aiding and abetting, in violation of 21 U.S.C. § 841(a) and § (b)(1)(B), and 18 U.S.C. § 2. On April 9, 2014, Fournier entered a plea of *nolo contendere* to these charges. The dispute here arises from the fact that Fournier claimed he did not recall committing the crimes charged, but acknowledged that the government did not fabricate the evidence against him.

At the sentencing hearing, the District Court overruled Fournier's objection to the denial of credit for acceptance of responsibility based on two factors. First, the District Court considered a number of psychological evaluations conducted by experts retained by the court, the government, and Fournier, which found that his ability to recall the charged conduct was not impaired, nor did Fournier exhibit any organic brain

2

dysfunction. Second, the District Court noted that while it appeared that Fournier did exhibit, to a certain extent, remorse and acceptance of responsibility, neither expression was overwhelming. The District Court ultimately imposed a sentence of seventy-eight months' imprisonment to be followed by four years of supervised release, and a special assessment of $200. Fournier appeals.

II.

The District Court's denial of the two-level reduction is entitled to "great deference" because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."[1] We review factual findings "underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a definite and firm conviction that a mistake has been committed."[2]

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease in the offense level when a "defendant clearly demonstrates acceptance of responsibility for his offense."[3] Fournier has the burden of establishing that he is entitled to this two-level reduction for acceptance of responsibility by the preponderance of the evidence.[4] We also recognize that a plea of *nolo contendere* is not an admission of guilt,[5] and although

---

[1] *United States v. King*, 604 F.3d 125, 141 (3d Cir. 2010) (quoting U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. 5 (U.S. SENTENCING COMM'N 2004)).

[2] *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007) (citing *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002)); *United States v. Felton*, 55 F.3d 861, 864 (3d Cir. 1995).

[3] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (U.S. SENTENCING COMM'N 2004).

[4] *Boone*, 279 F.3d at 193.

[5] *See United States v. Adedoyin*, 369 F.3d 337, 344 (3d Cir. 2004).

such a plea does not preclude a District Court from granting a reduction for acceptance of responsibility,[6] the burden remains on the defendant to demonstrate acceptance of responsibility and express remorse.[7]

Fournier contends that the District Court erred when it found that he was not entitled to a sentencing reduction for accepting responsibility even though he entered a *nolo contendere* plea in a timely fashion and expressed remorse. Fournier cites *United States v. Harris* to support his claim that a *nolo contendere* plea was appropriate given his mental capacity at the time of the charged conduct.[8] According to Fournier, his plea, in conjunction with statements made to the District Court, qualified him for a sentence reduction. Fournier's reliance on *Harris* is misplaced, and a more thorough review of the record indicates that the District Court did not clearly err in finding that Fournier had not expressed sufficient remorse for his actions to justify a reduction in his sentence.

Fournier claims that he was unable to recall the incidents surrounding the charge because of a history of high dosage drug abuse and head trauma. We have acknowledged that a defendant who truly could not remember the events surrounding a charged crime should not be required to perjure himself in order to have a court conclude that s/he has expressed remorse and accepted responsibility.[9] However, that does not appear to be the circumstance here. A number of psychological evaluations conducted by experts retained by the court, the government, and the defendant himself, found that Fournier's ability to

---

[6] *United States v. Harris*, 751 F.3d 123, 127 (3d Cir. 2014).
[7] *Boone,* 279 F.3d at 193.
[8] *Harris*, 751 F.3d at 127.
[9] *Id.*

recall the charged conduct was not impaired. Fournier's claim of a faulty memory is therefore dubious at best.

Given the absence of record support for his claim of compromised memory, Fournier simply did not convince the District Court of his sincerity. Although Fournier appeared to accept responsibility and apologized for his conduct, the District Court was simply unpersuaded of his sincerity. Indeed, when Fournier was asked what charge he was expressing remorse for, he testified: "distributing marijuana." Given this record, we cannot conclude that the District Court committed plain error in remaining skeptical of Fournier's sincerity. In reaching this conclusion, however, we reiterate that a defendant who enters a plea of *nolo contendere* can nevertheless demonstrate sufficient remorse to fully accept responsibility for his/her criminal conduct.[10] We simply hold that the District Court did not commit plain error in concluding that this is not such a case.

## III.

For the reasons set forth above, we conclude that the District Court did not err in refusing to reduce Fournier's guidelines offense level based on his acceptance of responsibility, and will therefore affirm.

---

[10] *Id.*