NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3204

_____

UNITED STATES OF AMERICA

v.

JOSEPH SERVIDIO,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 1-19-cr-00428-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 28, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Opinion Filed:  November 10, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

In criminal cases, the Guidelines and our jurisprudence require individualized sentencing. District Courts must take into account the whole of each person appearing for sentencing. At times, comparisons between and among other defendants occur. Appellant Joseph Servidio challenges his judgment of conviction arguing that the District Court's within-Guidelines sentence was substantively unreasonable, principally because his sentence, as compared to others, is too harsh.[1] We disagree. For the reasons discussed below, we will affirm.

## I.    BACKGROUND

An FBI investigation conducted between May 2016 and March 2018 uncovered a drug distribution conspiracy in which Servidio, Michael Gallicchio[2], and Carl Chianese participated. Servidio is a made member of Philadelphia La Cosa Nostra ("LCN").

Servidio supplied nearly 2000 pills purportedly containing heroin, fentanyl, or oxycodone to an undercover agent and a confidential informant. Laboratory tests indicated that the various batches of pills contained heroin, fentanyl, tramadol, and methamphetamine. Servidio also supplied the undercover agent with a substance containing heroin. In the course of supplying methamphetamine, Servidio threatened

---

[1] Servidio also argues that his sentence was procedurally unreasonable based on the District Court's failure to meaningfully consider the § 3553(a) factors. Because the record clearly reflects the District Court's engagement with the relevant § 3553(a) factors, Servidio's arguments as to procedural unreasonableness are without merit and need not be discussed further.

[2] Gallicchio is not a comparator and hence not relevant to our analysis.

violence against a supplier who had sold him sham methamphetamine, warranting a two-point enhancement to his offense level. Servidio also attempted to procure a black-market revolver from the undercover agent, roughly six months before he and Chianese waited outside of the home of another LCN associate, planning to shoot him.[3]

The investigation culminated in the arrest of all three co-conspirators. Servidio subsequently entered into a plea agreement and pled guilty to a charge of conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846.

A separate but related FBI investigation conducted during the nearly two-year investigation into Servidio resulted in the arrest and subsequent guilty plea of another individual, Salvatore Piccolo, for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). As relevant here, Piccolo had sold methamphetamine to undercover agents over three transactions. Servidio supplied methamphetamine to Piccolo and was present for two of those transactions.

In the plea agreement, Servidio and the Government stipulated to an offense level of 33. Servidio had a Criminal History Category of III and accordingly, a Sentencing Guidelines range of 168 to 210 months' imprisonment. The Government agreed, pursuant to the plea agreement, not to ask for a sentence greater than 151 months. Before the District Court, Servidio sought a sentence of 120 months, the mandatory minimum,

---

[3] Chianese was also apprehended carrying a revolver, along with $25,000 in cash collected on Servidio's behalf.

3

citing his acceptance of responsibility and desire to atone, his ability to be a productive and law-abiding member of society, his issues with alcohol, his personal and family history of heart disease, and his relative culpability vis-à-vis Chianese and Piccolo. The District Court imposed a sentence of 180 months' imprisonment with a five-year term of supervised release, a within-Guidelines sentence greater than that sought by either Servidio or the Government.

The District Court sentenced Chianese to 120 months' imprisonment, the statutory maximum for his offenses, and Piccolo to a below-Guidelines 150 months' imprisonment. In rendering Servidio's sentence, the District Court noted that Chianese was "80 years old with health issues," as compared to Servidio who was in his early sixties at the time of sentencing.

As to Piccolo, the District Court noted that "Servidio played a much more important role and was much more involved in this conspiracy than Mr. Picc[o]lo was." Further, Piccolo had demonstrated "true remorse" and was not, in the District Court's view, "a hardcore drug dealer." By contrast, Servidio had a history of drug related offenses and began his participation in the underlying conspiracy shortly after ending a term of supervised release imposed for a prior federal drug offense. The District Court acknowledged that Servidio's actions were driven by greed; the record further reflects that Servidio was fully aware of the harm caused by supplying drugs and nevertheless continued his criminal activity because of his desire to maintain an expensive lifestyle.

4

The District Court considered the evidence presented by Servidio with respect to his health issues but concluded that the "Bureau of Prisons is well equipped to take care of prisoners who have similar health issues as Mr. Servidio does."

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We review the procedural and substantive reasonableness of the sentence imposed for an abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III.    DISCUSSION

The district court undertakes a familiar three-stage process to sentence a defendant.  It: (1) calculates the applicable Guidelines range; (2) considers any motions for variance or departure; and (3) considers the § 3553(a) factors and determines the appropriate sentence.  *Id.*

Our review of a criminal sentence "proceeds in two stages."  *Id.*  First, we review for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Second, "we review for substantive reasonableness, and 'we will affirm [the sentence] unless no reasonable sentencing court

5

would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Id.* (quoting *Tomko*, 562 F.3d at 567) (alteration in original).

Here, Servidio argues that the sentence imposed reflects a failure to consider the § 3553(a) factors, rendering his sentence substantively unreasonable. Specifically, Servidio contends that the disparity between his sentence and the sentences imposed upon Chianese and Piccolo is contrary to two core factors at sentencing—§§ 3553(a)(6) and 3553(a)(2).

**A. Section 3553(a)(6)**

Section 3553(a)(6) directs district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This Court has "concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) (citing *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992)). "Even if § 3553(a)(6) were applicable to the co-defendants in the [same] case, § 3553(a)(6) by its terms plainly applies only where co-defendants are similarly situated." *Id.* at 278.

Despite the District Court's explanation of its reasons for rejecting Servidio's sentencing disparity argument, Servidio nevertheless argues the District Court failed to meaningfully consider his arguments regarding Chianese and Piccolo. The stark differences in criminal history and degree of culpability are alone sufficient to support the

6

disparity in sentences among Servidio, Chianese, and Piccolo.  We are satisfied that the District Court appropriately considered § 3553(a)(6) in imposing the sentence in this matter.

### B.  Section 3553(a)(2)

Servidio further contends that his health concerns warranted a downward variance. The District Court considered the evidence presented by Servidio and found the Bureau of Prisons was well-equipped to care for his health needs.  Servidio cites a number of cases in which courts of appeals have not disturbed downward variances granted at least in part due to health concerns.[4]   However, those cases are not supportive of his proposition that a downward variance was *required* in his case, our precedent suggests the opposite.  *See, e.g.*, *United States v. Kolodesh*, 787 F.3d 224, 241 (3d Cir. 2015) (sentence imposed reasonable where district court found the Bureau of Prisons capable of treating defendant's ailments and concluded health issues would not incapacitate defendant to the point that he could not commit further offenses); *United States v. Harris*, 751 F.3d 123, 129 (3d Cir. 2014) ("[S]ubstance abuse problems, without more, do not necessarily justify a downward variance under the Guidelines").  Rather, those cases

---

[4] Servidio relies on *United States v. Adams*, 858 F. App'x 496 (3d Cir. 2021), *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009), and *United States v. Myers*, 503 F.3d 676 (8th Cir. 2007).  *Adams*, a non-binding, not precedential opinion of this Court, addresses counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). 858 F. App'x at 496.  It approved of the sentencing court's decision not to grant a downward departure pursuant to U.S.S.G. §§ 5K2.10 or 5H1.4, and does not focus on a downward variance in the manner Servidio seeks.  *Id.* at 498-99.  Likewise, neither *Almenas* nor *Myers* provide support for Servidio's position; neither court concluded that the defendant's health *required* a downward variance for the sentence imposed to be procedurally or substantively reasonable.

highlight the broad discretion vested in a sentencing court and the limited nature of our review. *See Tomko*, 562 F.3d at 567-68.

In our view, the District Court appropriately considered the medical evidence before it and balanced that evidence against the Bureau of Prisons' ability to care for prisoners and the remaining § 3553(a) factors. We cannot conclude that no other reasonable sentencing court would have imposed the same sentence on Servidio. *See id.* at 568. The District Court thus did not abuse its discretion.

## IV. CONCLUSION

Accordingly, we will affirm the judgment of conviction.