**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1834
_____

UNITED STATES OF AMERICA

v.

RAYMONT BENTLEY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-13-cr-00202-001)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed: March 1, 2023)

_____

**OPINION**[*]
_____

_____

    [*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**KRAUSE**, *Circuit Judge*.

After pleading to possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), *see* **Presentence Rep. ¶ 1; Appx. at 6,** Raymont Bentley was sentenced to 33 months' imprisonment. **SAppx. at 79**. That sentence was based in part on a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for violating § 922(g)(1) in connection with another felony offense, namely, aggravated assault, for discharging a weapon in the direction of an occupied car. **SAppx. at 65-66; Opening Br. at 6-7.** Bentley now appeals, claiming the District Court clearly erred in applying this enhancement. Discerning no error, we will affirm.

## I.    DISCUSSION[1]

Bentley challenges the application of U.S.S.G. § 2K2.1(b)(6) on the ground that the video footage on which the District Court relied at sentencing "did not show that a firearm was discharged in the direction of any individual or vehicle[,]" and "[a]t best, the video shows what could suffice as evidence of Recklessly Endangering Another Person, a misdemeanor offense." Opening Br. at 6. Though the District Court agreed with Bentley that "there are portions of the video that are grainy," it ultimately concluded the video was sufficient to impose the enhancement because "many portions . . . are much clearer

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We "review factual findings relevant to the Guidelines for clear error and . . . exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Bell*, 947 F.3d 49, 54 (3d Cir. 2020) (citation omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ali*, 508 F.3d 136, 144 (3d Cir. 2007) (citation omitted).

than we would expect." SAppx. at 65.

Having reviewed the video ourselves, we concur with the District Court. The quality of the footage fluctuates, but in reviewing an enhancement for clear error, we require only that the District Court's factual finding not be "completely devoid of minimum evidentiary support displaying some hue of credibility." *Ramsay v. Nat'l Bd. of Med. Examiners*, 968 F.3d 251, 261 (3d Cir. 2020) (citation omitted); *see, e.g.*, *United States v. Harris*, 751 F.3d 123, 128 (3d Cir. 2014) (finding that although video did not have audio, it was sufficient to establish factual predicate for sentencing enhancement under clear error standard). And here the video is sufficiently clear to make out Bentley discharging a firearm in the same direction as an SUV that was driving away, which constituted an aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(1) and (4).

We note, too, that even if the video established only Recklessly Endangering Another Person as Bentley suggests it may have, the four-level enhancement would nonetheless apply. That is because, despite its label as a misdemeanor, reckless endangerment carries a sentence of not more than two years, 18 Pa. Cons. Stat. § 1104(2), and thus still qualifies as a felony under the Sentencing Guidelines, U.S.S.G. § 2K2.1(b)(6)(b) cmt. n.14(C).

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

3