NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3256
_____

UNITED STATES OF AMERICA

v.

KENNETH BLAKENEY,
                                        Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00632-001)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 8, 2024

Before: RESTREPO, PHIPPS, and ROTH *Circuit Judges*

(Opinion filed: March 20, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Kenneth Blakeney appeals his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  For the reasons that follow, we will affirm.

I.

On March 19, 2019, Philadelphia Police Officers Clayton Baker and David Escamilla stopped Blakeney, who was driving with an allegedly inoperable brake light.  During the stop, Escamilla saw a firearm in plain view inside the car.   Blakeney claimed to have a permit, but when asked to produce it, Blakeney drove off and abandoned his car a few blocks away.  Blakeney then fled on foot.  The officers recovered the gun from the abandoned car and called a tow company.  Blakeney was arrested approximately four months later.

Blakeney moved to suppress the gun, arguing that the police stopped the car without reasonable suspicion of a violation of the motor vehicle code because his brake lights were, in fact, working at the time of the stop.  In support, Blakeney presented a letter from the tow company's general manager that asserted they had inspected the car and found that the brake and taillights were working when it arrived at their facility.  But at the suppression hearing, the general manager denied the letter's truth, stating that no one had inspected the car, and that she wrote the letter as a courtesy to help Blakeney with what she thought was a minor traffic ticket.

Following the hearing, the District Court denied Blakeney's suppression motion and his later motion for reconsideration. On November 22, 2021, a jury found Blakeney guilty of possession of a firearm by a felon.[1] Blakeney timely appealed.

## II.[2]

Blakeney argues that the District Court erred by relying on Officer Baker's subjective belief that Blakeney's taillight was out, and thus incorrectly concluded that a reasonable suspicion existed to justify the stop.[3] We review the District Court's findings of fact for clear error and conduct a plenary review of the application of the law to those facts. *United States v. Delfin-Colina*, 464 F.3d 392, 395–96 (3d Cir. 2006).

## A.

We will find clear error only when "the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harris*, 751 F.3d 123, 127 (3d Cir. 2014) (citation omitted). When reviewing the District Court's findings of facts, we afford great deference to credibility

---

[1] 18 U.S.C. § 922(g)(1).

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] Blakeney alleges two additional errors: (1) that the District Court erred in denying the motion for reconsideration given the disclosure of police reports from previous stops of Blakeney's car after the evidentiary hearing; and (2) that the District Court abused its discretion by applying the incorrect standard under F.R.E. 403 in its grant of the government's motion *in limine* to exclude police policies. We need not address these arguments because (1) Blakeney did not meet his burden to demonstrate he could not have discovered the police reports with reasonable diligence, *United States v. Cimera*, 459 F.3d 452, 461 (3d Cir. 2006); and (2) the District Court did not abuse its discretion in excluding police policies, which it explained had limited to no probative value compared with its prejudicial effect and risk of confusing the jury. *See* F.R.E. 403.

determinations. *United States v. Petersen*, 622 F.3d 196, 201 (3d Cir. 2010) ("[I]t is not for us to weigh the evidence or determine the credibility of witnesses.") (quoting *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1990))).

First, the District Court found that Baker observed Blakeney's car with an inoperable brake light. The District Court considered all evidence and testimony presented. It credited Baker's testimony that "he observed conditions that led him to believe that Mr. Blakeney's Impala was in violation of the Pennsylvania Motor Vehicle Code." J.A. 13. In addition, Baker's testimony was corroborated by the police report describing the encounter, which listed an inoperable side brake light as the reason for the stop. We find no reason to disturb the District Court's determinations, and we adopt the District Court's findings of fact.

## B.

The Fourth Amendment provides protection from unreasonable searches and seizures, U.S. CONST. amend. IV, including seizures of individuals through traffic stops. *United States v. Hester*, 910 F.3d 78, 84 (3d Cir. 2018). An officer may stop a car as long as he has "'reasonable suspicion' to believe that a traffic law has been broken." *Delfin-Colina*, 464 F.3d at 396 (citation omitted). In reviewing the District Court's finding that the stop was reasonable, we "look to whether specific, articulable facts produced by the officer would support [a] reasonable suspicion of a traffic infraction," regardless of whether the officer was factually accurate in that belief. *Id.* at 398.

This standard requires only a "minimal level of objective justification." *Id.* at 396 (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). We "look at the 'totality of the

4

circumstances' . . . to see whether the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citation omitted). The officer need not be correct that a violation took place; he need only have reasonably believed it. *Delfin-Colina*, 464 F.3d at 398. Courts should not consider the actual or subjective intentions of the officer. *See Whren v. United States*, 517 U.S. 806, 812–13 (1996).

Because we adopt the District Court's findings of fact—specifically that Baker observed a non-working rear light—we find that Baker had reasonable suspicion of a traffic violation. Blakeney argues that the District Court erred by considering only Baker's subjective belief that he saw a traffic code violation and not whether his actions were objectively reasonable. This characterization is misguided. Baker testified at the hearing that he observed an inoperable rear light on Blakeney's car. His observation of whether the light was on or off is not subjective, and his testimony was supported by the police report. The District Court correctly concluded that Baker's actions were objectively reasonable given the circumstances and his observation of a traffic code violation.[4]

---

[4] In *United States v. Hunter*, we held that an officer's subjective intent when running a criminal record check during a traffic stop is immaterial to the constitutionality of the stop. 88 F.4th 221, 224 (3d Cir. 2023). Rather, the appropriate consideration is whether it was objectively reasonable for an officer to run that check for officer safety. *Id.*

Neither Blakeney nor the government raises the issue of Officer Baker's intent behind initiating the stop. Rather, they dispute whether he saw what his testimony suggests: an inoperable rear light. Consistent with *Hunter*, we find that the District Court properly "[v]iew[ed] the circumstances as they existed at the scene of the stop, [and] we conclude that it was reasonable for [the] officer[s] to conduct this [stop]." *Id.* at 225.

Blakeney also argues that Baker's testimony at the evidentiary hearing was too vague to "identify the ordinance or statute that he believed had been violated." *Delfin-Colina*, 464 F.3d at 399. Although Baker did not identify the specific section of code Blakeney had violated, either a non-working rear light or failure to use a turn signal would violate the Motor Vehicle Code.[5] Nevertheless, the evidence, in its totality, provided the required minimal justification of reasonable suspicion. *See id.* at 396.

### III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] *See* 75 Pa. Cons. Stat. § 4303(b) (pertaining to "[r]ear lighting"); § 3334(b) (pertaining to "[s]ignals on turning and starting").