NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2670
_____

UNITED STATES OF AMERICA

v.

JOHN DERR,
            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania,
(District Court No. 3:21-cr-00328-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
June 4, 2024

Before: HARDIMAN, PORTER and AMBRO, *Circuit Judges*.

(Opinion filed: July 10, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

John Derr pleaded guilty to possession and distribution of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. He appeals the District Court's denial of an acceptance of responsibility reduction of his sentence. We will affirm.

I

On July 26, 2021, police interviewed Derr in connection with drug trafficking activities. Three days later, Derr and an associate purchased 115 grams of methamphetamine. Police then learned that Derr possessed a sawed-off shotgun. An undercover officer accessed the firearm and found that it was loaded, and that it had been modified—the barrel was shortened, and its serial numbers had been removed.

In October 2021, after Derr was arrested and detained on unrelated state charges, a federal grand jury indicted Derr, charging him with drug and firearms offenses. Derr pleaded not guilty to the federal charges and was detained at Lackawanna County Prison in Scranton, Pennsylvania. Derr then reversed course and pleaded guilty, admitting that he had knowingly and intentionally distributed methamphetamine, and that he had facilitated a meeting between a police informant and a methamphetamine supplier so that the informant could make a drug purchase. Derr also admitted to possession of the shotgun in connection with the methamphetamine trafficking. The District Court accepted Derr's guilty plea.

Prior to signing the plea agreement, and following an unopposed motion by defense counsel, Derr was furloughed from Lackawanna County Prison to a substance abuse treatment center in Ashland, Pennsylvania. In March 2022, following another

2

unopposed motion by defense counsel, Derr was transferred to another substance abuse facility—the Pennsylvania Adult Teen Challenge, in Cheswick, Pennsylvania. In June 2023, Derr escaped from this facility, violating the terms of his furlough. Three days later, Derr was arrested and charged with new criminal conduct. According to the new complaint, he provided a confidential police informant with locations for purchasing methamphetamine. Law enforcement arranged surveillance at the identified areas and noticed that the same vehicle appeared at each location. Police then pulled over the vehicle—Derr was discovered inside, and he then fled on foot. A search of the car uncovered a bag of suspected methamphetamine that turned out to be salt. Another occupant of the vehicle told police that Derr had attempted to arrange a drug deal earlier in the day involving the counterfeit methamphetamine.

Derr was eventually captured by Pennsylvania State Police. The District Court revoked Derr's furlough and issued a warrant for his arrest.[1] He then appeared for sentencing. The parties negotiated Derr's offense level relative to the amount of methamphetamine involved in his offense, his possession of a firearm in connection with drug trafficking, and his criminal history, yielding a sentencing range of 130 to 162 months. The District Court then imposed a sentence of 125 months' imprisonment, followed by four years of supervised release.

At Derr's sentencing hearing, the Court denied him an acceptance of responsibility reduction. The Court found that Derr's escape from treatment was an indication of an

---

[1] Derr indicates that the state charges were later dropped.

3

"inability or unwillingness to do what is necessary to put drug use behind him," "inconsistent with acceptance of responsibility." Redacted Answering Br. 13–14. Had the reduction been applied, Derr's sentencing range would have been 100-125 months rather than 130-162 months. Derr appeals.

## II

We have appellate jurisdiction under 28 U.S.C. § 1291, and jurisdiction to review final sentences under 18 U.S.C. § 3742(a).

"We review a district court's determination of whether the defendant is entitled to an acceptance of responsibility reduction for clear error." *United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014) (citing *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996)); *see also United States v. Mercado*, 81 F.4th 352, 360 (3d Cir. 2023).

## III

Sentencing Guidelines allow a district court to "decrease [a defendant's] offense level" if the court determines that "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).

"A defendant seeking a reduction for acceptance of responsibility bears the burden of establishing by a preponderance of the evidence that he . . . is entitled to the reduction[.]" *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002) (citing *United States v. Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998)). "The district court's denial of the reduction is entitled to 'great deference' because '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" *Id.* (quoting U.S.S.G. § 3E1.1, cmt. n.5).

"[I]n assessing whether a defendant has adequately accepted responsibility, the district court has the obligation to assess the totality of the situation." *Harris*, 751 F.3d at 126 (citation, quotation marks, and emphasis omitted). The Guidelines also provide additional "appropriate considerations" for determining whether a defendant qualifies for the reduction, including admission of the acts underlying the offense, voluntary withdrawal from criminal conduct, and rehabilitative efforts such as "counseling or drug treatment." U.S.S.G. § 3E1.1 cmt. n.1(A)–(B), (G).

Derr argues that the District Court erred in denying him the acceptance of responsibility reduction because he purportedly withdrew from criminal conduct, pleaded guilty to the conduct underlying his offense, and pursued rehabilitative efforts. We disagree.

First, Derr did not withdraw from criminal conduct. Here, the District Court, which is "in a unique position to assess [the defendant's] sincerity" and "whether the defendant accepted responsibility," weighed Derr's violation of the terms of his furlough by escaping his rehabilitation facility and his subsequent arrest for suspected drug crimes. *Harris*, 751 F.3d at 127 (quoting *United States v. Williams*, 344 F.3d 365, 379 (3d Cir. 2003)). We see no clear error.

Second, Derr argues that his 18 months of "extensive rehabilitative efforts" support application of the acceptance of responsibility reduction. Redacted Opening Br. 12. But the District Court found that his escape, quick relapse into criminal activity, and failure to cooperate with treatment indicated that he did not fully commit to post-offense rehabilitation. Again, we cannot reasonably hold that the Court's finding was clearly

erroneous. Its reasoning also undermines Derr's claim that he was "punishe[d] . . . for making a genuine attempt at sobriety." *Id.* at 13.

Finally, Derr contends that his guilty plea and admission that he committed the conduct underlying his offense indicates an acceptance of responsibility. But this does not entitle a defendant to the reduction "as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. The fact that a defendant pleaded guilty "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.*; *see also, e.g.*, *Mercado*, 81 F.4th at 354, 361 (affirming denial of an acceptance of responsibility reduction for a defendant who pleaded guilty, but then violated the conditions of his pre-sentencing bail, failed drug tests, failed to attend substance abuse treatments, and refused random drug testing).

\* \* \*

The District Court did not clearly err in holding that Derr's escape from a rehabilitation facility and subsequent arrest for a new drug offense warranted denial of an acceptance of responsibility reduction. We will affirm.